STATE OF CONNECTICUT          :
                              :
                              :     ss: New Haven, Connecticut
                              :
COUNTY OF NEW HAVEN           :     February 12, 2015

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Allison M. Haimila, being duly sworn, depose and state as follows:

### BACKGROUND OF AFFIANT

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Resident Agent in Charge in the District of Connecticut. I have been so employed for approximately five years. I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as an HSI agent, investigated violations relating to child exploitation and child pornography, including violations pertaining to possession, distribution, receipt and production of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and enticement of minors, in violation of 18 U.S.C. § 2422. I have also participated in the execution of search and arrest warrants, which involved child exploitation and/or child pornography offenses. As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2. I make this affidavit in support of a Criminal Complaint and Arrest Warrant charging John Eastman ("EASTMAN"), an adult male born in 1967 who was residing in Waterbury, Connecticut at the time of the offense, for using and attempting to use a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). EASTMAN is currently detained in state custody on related state charges pending in Connecticut Superior Court.

3. Based on the facts set forth below, I believe there is probable cause to believe and I do believe that EASTMAN knowingly used and attempted to use a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

4. The statements contained in this affidavit are based in part on information provided by other members of local, state, and federal law enforcement, my own investigation to include personal observations, documents and other investigative materials which I have reviewed, as well my training and experience as a Special Agent with HSI. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that EASTMAN used and attempted to use an interstate facility to knowingly persuade, induce, coerce or entice a minor to engage, in sexual activity in violation of 18 U.S.C. § 2422(b), and knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

## STATUTORY AUTHORITY

5. 18 U.S.C. § 2422(b) prohibits a person from knowingly persuading, inducing, enticing, or coercing any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense through the use of any means or facility of interstate commerce, or from attempting to do the same.

6. 18 U.S.C. § 2251(a) prohibits a person from employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

7. 18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

8. The following definitions apply to this Affidavit:

   a. "Minor," as used herein, is defined by 18 U.S.C. § 2256(1) to mean any person under the age of eighteen years.

   b. "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been

created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), and also includes any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. 18 U.S.C. § 2256(8).

    c.    "Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

    d.    "Sexually explicit conduct" means actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A).

## BACKGROUND ON SKYPE

9.    In my training and experience, I have learned that Skype is an online service that allows users to communicate with or call each other over the Internet by video through the use of a webcam, by voice through the use of a microphone, and through instant messaging by text. Users may also use the service to make phone calls to or receive phone calls from other individual's landline phones and cell phones. Skype users can also transfer files to each other. Skype users can search for other Skype users using a search function built into Skype.

10.    In order to use Skype, a user must download the Skype program onto his or her computer. In addition, a user must register and create an account with Skype. In order to create an account on Skype, a user must supply certain personal information including their name, date of birth, and an email address. A user must also create a Skype account name or user name,

which can be any combination of letters or numbers as long as the account name is not already being used by another Skype user. An individual can create multiple accounts on Skype using the same computer.

11. I am also aware that the Skype program has a function built into it called "Video Snapshot." This function allows the user to take still photos of the person they are communicating with during a video call. These photos depict a still image of whatever the other person is doing on the video call when the snapshot is taken. These photos are then saved to a folder on the user's computer hard drive to be viewed later.

## BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

12. On or about September 13, 2012, Trooper Eric Jollymore of the Vermont State Police spoke with a woman from Fairlee, Vermont, who informed him that a Skype user had engaged in inappropriate conversations with the woman's 11-year old daughter a few days earlier. The woman indicated that her daughter had a sleep over with three other girls, ages 11 and 12, at their residence from September 8 to September 9, 2012. The mother stated that during the sleep over, the girls were using Skype to speak with people over the Internet.

13. Trooper Jollymore then spoke with the woman's daughter. The girl stated that she and her friends had been speaking to an individual using the name "Harry.Styles888" during the time they were using Skype. She informed Trooper Jollymore that they were under the impression that they were in fact speaking with the individual Harry Styles that is a member of the popular musical group "One Direction." She stated that during the conversation "Harry.Styles888" requested that they activate their web cam so that he could see them. She stated that they told "Harry.Styles888" that they were 13 years old, and he informed them that he was 18 years old. She stated that once they agreed and activated their web cam,

"Harry.Styles888" asked them if they could pose in the sexual position called "Doggy Style" in front of the web cam for him. The girl stated that they did not perform the act, and the conversation ended shortly after this. She also informed Trooper Jollymore that they were suspicious of the individual when he turned on his webcam. She stated that it appeared that there was a still picture of Harry Styles from the popular musical group "One Direction" on the screen and not an actual person.

14. On or about October 13, 2012, Trooper Jollymore obtained a court order for Skype to disclose the account registration information associated with the screen name "Harry.Styles888." On or about October 24, 2012, Skype reported that the "Harry.Styles888" account was activated on July 27, 2012, at 0511 hours UTC (coordinated universal time) from a specific internet protocol ("IP") address, which Trooper Jollymore subsequently determined was assigned to Comcast Cable to a subscriber in Waterbury, Connecticut.

15. Trooper Jollymore then referred the matter to the Waterbury Police Department for further investigation.

16. On or about November 1, 2012, Detective Peter Morgan of the Waterbury Police Department obtained a court order from a Connecticut Superior Court judge requesting that Comcast Cable provide the subscriber information associated with the IP address provided by Skype. On or about November 8, 2012, Comcast Cable reported that the IP address was assigned to the account of John Eastman with an address in Waterbury, Connecticut, at the time the "Harry.Styles888" user account was activated on July 27, 2012.

17. On or about November 10, 2012, Detective Morgan and Detective David Terni went to EASTMAN's residence to speak to him. EASTMAN was at his residence and allowed the detectives inside. Detective Morgan advised EASTMAN of the investigation. EASTMAN

6

stated that he wished to fully cooperate in the investigation. EASTMAN stated that he had a desktop computer in his bedroom that he uses, and that he was willing to voluntarily give the computer to the detectives for further investigation. EASTMAN signed a Consent to Search Form allowing the detectives to take his HP Pavilion desktop computer and perform a complete computer forensic examination on it.

18.   EASTMAN then voluntarily agreed to go to the Waterbury Police Department to speak with the detectives about the case. EASTMAN was advised of his Constitutional rights and agreed to waive his rights. EASTMAN also signed an advisement of rights form waiving his rights. EASTMAN then provided a signed statement in which he admitted, among other things, the following:

> I use the Internet to chat with girls on different web sites. I use the program Skype to chat with girls because you can use the web cam to video chat and see them while chatting. I am sexually attracted to very petite girls. I like girls that are like 14 years old and have started to develop. Because of this, I made a couple of screen names on Skype that were the names of members of the singing group One Direction. I used their names because I know the names would attract teenage girls to contact me. One of the screen names I used is "harry.styles888." I also have an email address "stylesharry446@gmail.com." I log on to Skype with the screen name and just wait for girls to contact me. When a girl contacts me, I start chatting with them. If they want to see me on the web cam, I will have a You Tube video of the singer from some old video footage ready to play and then point my web cam at the computer screen so the girl thinks that she is talking to the real singer. I will then try talking to the girl in a sexual manner to see if she will talk back. I will ask if the girl will pose in the sexual position doggy style with their ass facing the camera. I ask them to do this because I think it is the best pose to see a girl. My hope is that the girl will show me herself on camera and then pose in a sexual manner, or perform some kind of sex act for me to see. I know that I have chatted with some girls that were between like 12 and 15 years old, we chatted about sex and they posed in a sexual manner or performed a sex act so I could watch on the web cam. Anytime that I can get the girls to perform any sex acts, I will masturbate until I ejaculate. . . . I also go to other porn sites called Motherless.com and Jailbait.

19.   EASTMAN was allowed to leave the police department pending the completion of the computer forensic examination of his desktop computer.

20. Beginning on or about November 10, 2012, Detective Morgan conducted a computer forensic examination of EASTMAN's computer. I have since spoken with Detective Morgan about his investigation and obtained copies of his investigation reports and files he recovered from his forensic examination of EASTMAN's computer, which revealed the following:

   a. The Skype program was installed on the computer on July 12, 2012. Eleven (11) Skype accounts had been used on this computer to communicate with other people. The names of the Skype accounts were:

> bieber.believe,
> harry.styles888,
> harry.styles962,
> jenny.finotti,
> john.eastman.15,
> justin.bieber727,
> justin.bieber6444,
> justin.swag6,
> louis.tomlinson85,
> niall.horan520, and
> sam.albert624.

I know that Justin Bieber is a singer who is popular with teenagers. I also know that Harry Styles, Niall Horan, and Louis Tomlinson are members of the singing group "One Direction" that is popular with teenagers. I have learned that Sam Albert is a popular teen figure on the website "YouTube."

   b. There was evidence on the computer that the Skype account "harry.styles888" had been used to communicate with the three minor girls from Vermont, who are described in paragraphs 12 and 13 above.

   c. Several videos were saved to the hard drive that depicted webcam videos of the individual singers and band members listed above. There were two (2) videos depicting

8

Justin Bieber, eleven (11) videos depicting members of the music group One Direction, and four (4) videos depicting Sam Albert. These videos had been captured by a camera that had been connected to the computer and used to record the videos from the computer screen. I believe these are the videos that EASTMAN was referring to in his signed statement when he admitted "I will have a You Tube video of the singer from some old video footage ready to play and then point my web cam at the computer screen so the girl thinks that she is talking to the real singer."

    d.    There were over two hundred photos saved to computer that were taken using Skype's "Video Snapshot" function, which, as described above, allows the user to take still photos of the person they are communicating with during a Skype video call. Photos taken with the "Video Snapshot" function depict a still image of whatever the other person is doing on the video call when the snapshot is taken. The photos were saved to the directory "C:\Users\John\AppData\Roaming\Skype\Pictures\." I have reviewed these photos, and based on my training and experience, I believe that several of them depict child pornography. Some of the photos depict minor females appearing in various stages of undress and posing in a lascivious manner, with their exposed buttocks facing the camera allowing a clear view of their genitalia. I believe these poses are consistent with EASTMAN's signed statement in which he stated "I will ask if the girl will pose in the sexual position doggy style with their ass facing the camera. I ask them to do this because I think it is the best pose to see a girl." Below are descriptions of five of those files:

    i.  <u>Filename</u>: Video call snapshot443.png

        <u>Description</u>: This image depicts a minor female approximately 10-13 years old on her hands and knees facing away from the camera and looking back over her left shoulder, while her buttocks are pointed towards the camera. The minor female is wearing a purple shirt under a gray hooded sweatshirt and a pair of blue jeans. The blue jeans are pulled down below her buttocks, exposing her anus and genitalia which are the

focus of the image.

ii. <u>Filename</u>: Video call snapshot419.png

<u>Description</u>: This image depicts two minor females approximately 10-13 years old on their hands and knees, next to each other, facing away from the camera while their buttocks are pointed towards the camera. The first minor female has long blonde hair and is wearing a dark colored shirt and multicolored striped panties. Her panties are pulled down below her buttocks, exposing her anus and genitalia to the camera. The second minor female has long brown hair and is wearing a gray hooded sweatshirt and jeans. Her jeans are pulled down over her buttocks, exposing her anus and genitalia to the camera and she is looking back over her left shoulder at the camera.

iii. <u>Filename</u>: Video call snapshot445.png

<u>Description</u>: This image depicts a minor female approximately 10-13 years old on her knees facing away from the camera while her buttocks are pointed towards the camera. She is wearing multicolored striped panties which are pulled down over her buttocks, exposing her anus and genitalia. The minor female has her head on the floor and is looking back at the camera.

iv. <u>Filename</u>: Video call snapshot139.png

<u>Description</u>: This image depicts a minor female approximately 10-13 years old bent over on her hands and knees on the floor of what appears to be a closet. The minor female is wearing a pair of white pants which are pulled down below her buttocks, exposing her anus to the camera. The focus of this image is on the minor female's anus.

v. <u>Filename</u>: Video call snapshot146.png

<u>Description</u>: This image depicts a minor female approximately 10-13 years old bent over on her hands and knees on the floor of what appears to be a closet. The minor female is facing away from the camera and is positioned with her buttocks up in the air pointed towards the camera. The minor female is wearing a pair of white pants that are pulled down past her buttocks, exposing her anus which is the focal point of this image.

e. There was also a video, with the filename "Video 9.wmv," saved to the computer, that based on my training and experience, I believe depicts child pornography. The video is 26 minutes and 14 seconds in length and depicts a partially nude minor female approximately 13-16 years old with long dark hair wearing a black and white checkered button-down shirt and no pants. The minor is lying on a bed and appears to be using a computer and webcam and engaging in a video chat conversation via Skype with another unseen individual. At multiple times during the video, the minor female gets on her hands and knees and poses with her naked buttocks in the air facing the camera, and her legs spread apart exposing her anus and genitalia to the camera. At other times in the video, the minor female is lying on her back and spreads her knees apart exposing her genitalia to the camera. During the video, I can hear the typing of both participants, and the heavy breathing and rhythmic "slapping" of the unseen participant. The breathing becomes heavier whenever the minor female displays her genitals to the camera, and based on my training and experience, I believe the breathing and "slapping" are related to the unseen participant masturbating while watching the minor female. The minor female in this video appears to be deaf and/or mute as there is no verbal communication between the two participants during the video, even though it is clear that both parties can be heard, and at multiple times during the video the minor female can be seen gesturing using what appears to be sign language. The video appears to be a recording of a Skype video session that was captured with a camera that had been connected to EASTMAN's computer. The video was saved in the directory "C:\Users\John\Videos\Logitech Webcam\." Based on these facts, I believe the unseen participant is EASTMAN.

f.     Also saved on the computer were (4) four photos of game cards related to a sex game to be played online. Each card depicted a different level of the game with point values associated with various sex related acts. The cards indicated that a point value was needed to advance through the levels. Each card has six different acts to perform for each level. Some of the acts are as follows: Level 1 - stick out your tongue, blow the camera a kiss, suck on your finger; Level 2 -flash your ass, flash your boobs, flash your pussy; Level 3 -get naked, close up of your ass, close up of your pussy; Level 4 -finger your ass, masturbate for two minutes, orgasm.

g.     There were also hundreds of images depicting what appears to be child pornography in the "Unallocated Clusters" area of the computer hard drive, which indicates that the user had deleted these files. I have reviewed these images, and based on my training and experience, I believe that many of them depict child pornography. The images depict nude, or partially nude, females and males appearing to be between the ages of 5 and 15 years old engaging in various sex acts with adult males and females, engaging in various sex acts with other children, posing in a manner that exposes their genitalia in clear view of the camera, and posing in a lascivious manner.[1] Many of these images appear to have been saved to the computer hard drive by navigating the Internet. There was also Internet browsing history on the computer hard drive that showed the user had been accessing websites with names indicative of child pornography from 2009 to November 9, 2012, including, but not limited to, "www.young-pussy.org," "www.lilholes.com," "www.hairlesspussy.biz," "www.top100preteen.com", "www.cleanteenpussy.com," "www.preteenposing.com," "pinkteensex.net," and "teenporn2.com."

---

[1] The images described in paragraphs 20(d)(i - v), the video described in paragraph 20(e), and a sampling of the images described paragraph 20(g) will be made available for the Court's review.

21. I have reviewed EASTMAN's criminal history report and checked Connecticut state court records and learned that EASTMAN was previously convicted in Connecticut state court in 1998 for Risk of Injury to a Minor, in violation of Connecticut General Statutes section 53a-21(2), which is a felony for having contact with the intimate parts of a child under the age of sixteen in a sexual and indecent manner. EASTMAN was placed on the Connecticut Sex Offender Registry in 1999 for ten years, and was removed from the registry in 2009.

22. Based on Detective Morgan's investigation, EASTMAN was charged in Connecticut Superior Court with Employing a Minor in an Obscene Performance, Promoting a Minor in an Obscene Performance, and Use of a Computer to Entice a Minor to Engage in Sexual Activity, Misrepresentation of Age to Entice a Minor, Possession of Child Pornography, and Risk of Injury to a Minor. The state charges are still pending.

## CONCLUSION

23. Based on the aforementioned information and statements, I believe there is probable cause to believe, and I do believe, that in the time frame of approximately July 12, 2012 to November 10, 2012, EASTMAN used and attempted to use a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice minors to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). More specifically, I have probable cause to believe that EASTMAN committed these offenses by communicating with minors over the Internet via Skype during which he impersonated famous singers and musicians that are popular to teenagers, and during these online conversations, EASTMAN (posing as the singers and musicians) asked the minors to engage in sexually explicit conduct by posing in a lascivious manner towards the camera, with their buttocks facing the camera allowing a clear view of their genitalia and/or posing with their

legs spread allowing a clear view of their genitalia. I have probable cause to believe that EASTMAN then used the Video Snapshot function of the Skype program to capture still photos of some of these minors engaging in such activity and used a camera to record a video of another minor engaged in such activity, which he then saved on his computer.

24. Therefore, I respectfully request that a criminal complaint be issued to support the arrest of and to charge John EASTMAN for using and attempting to use a means or facility of interstate commence to knowingly persuade, induce, coerce or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Special Agent Allison M. Haimila
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn to before me this 12th day of February, 2015

/s/ Joan G. Margolis
HON. JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

14