UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  3:15-mj-21(JGM) |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | March 26, 2015 |

## GOVERNMENT'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

The United States of America respectfully submits this memorandum in support of its motion for an order:  (1) protecting the identity of any minor victim or witness in this case from public disclosure; and (2) protecting discovery material that is otherwise sensitive in nature.

Identification of Minor Victims

The evidence in this case includes documents, law enforcement reports, witness statements, computer evidence, images, videos, and other materials, some of which identify and/or depict minor victims and witnesses involved in this case.  The evidence also contains the email addresses and online screen names (for Skype, Facebook, Twitter, and other online services and social media) of minor victims and/or witnesses which can be used to identify such minors.  The identity of minor victims and witnesses, however, must be kept confidential pursuant to 18 U.S.C. § 3509(d)(1) & (2).  Under 18 U.S.C. § 3509(d)(3), the court may issue a protective order on a motion by any person "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings."  In issuing such an order, the court may "provide for any other measures that may be necessary to protect the privacy of the child."  18 U.S.C. § 3509(d)(3)(B)(ii).

In this case, the Government proposes that the parties utilize a minor's initials, the terms Minor Victim" ("MV") or "Minor Witness" ("MW"), or some other measure to protect the minor's identity from public disclosure. In addition, the Government requests that the parties not disclose in any public filings or in open court the email addresses or online screen names (for Skype, Facebook, Twitter, or any other online service or social media) of any alleged minor victim or witness in this case, and instead, make appropriate redactions or utilize some other measure to protect the minor's email address or online screen name from public disclosure..

Discovery Materials

The Government is making available a variety of discovery material involving minors. For the reasons discussed above, and because the materials identify and/or depict minor victims and witnesses and also involve discussions of the sexual exploitation that he/she suffered, the Government requests that if copies are made available to the defendant that they remain at all times in the control and custody of defense counsel or those individuals directly working on the defense team.

In addition, the Government's investigation is on-going. Therefore, discovery will continue to be provided or made available to defense counsel.

In an effort to balance the requirement to maintain the confidentiality of a minor's identity, to ensure that constitutional requirements of *Brady/Giglio* are properly met, and to maintain an open and cooperative approach to discovery, the Government requests that the Court enter an order adopting the following protective measures in the case as well.

1. Except as permitted by the Court's Protective Order, or other court order, defense counsel shall not disclose any transcripts, statements, images, videos, any law enforcement

reports or memoranda of interview, or any other discovery material, or the contents thereof, to any other person, provided that, for the sole purpose of preparing for trial:

    a.    defense counsel may show such material to the defendant;

    b.    defense counsel can show any prospective witness his/her own transcript, statement, memoranda, image, or video;

    c.    defense counsel may provide any prospective witness with a copy of his or her own testimony or statement;

    d.    defense counsel may permit secretaries, clerical workers, paralegals, investigators hired by defense counsel, and experts retained to assist in the preparation of this case for trial to view the transcripts, statements, reports, memoranda, images, and videos, solely for the purpose of assisting counsel to prepare for the trial of this case.

2.    Except as permitted by the Court's Protective Order, each witness or potential witness to whom transcripts, statements, reports, memoranda, images, videos, or other discovery material have been shown or their contents disclosed pursuant to the Court's Protective Order, shall not discuss with or disclose the contents thereof to anyone other than (a) defense counsel who disclosed such materials or (b) the witness's counsel, who shall not be permitted to further disclose such material;

3.    Defense counsel shall take appropriate measures to ensure that each person to whom counsel discloses material covered by the Court's Protective Order, including counsel's representatives and employees, understands the limited purpose for which it is being disclosed and the prohibition against further dissemination;

4. Any notes or recorded notations of any kind that defense counsel, their secretaries, clerical workers, paralegals, or experts may make relating to the contents of the transcripts, statements, reports, memoranda, images, videos, or other discovery material shall not be shown to anyone except their own client, and then only for the sole purpose of the defense of the charges in this case, and defense counsel shall maintain the confidentiality of these materials pursuant to the terms of the Court's Protective Order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the defendant;

5. All transcripts, statements, reports, memoranda, images, videos, and other discovery material will remain in the custody and control of defense counsel or their staff at all times;

6. All transcripts, statements, reports, memoranda, images, videos, and other discovery material disclosed pursuant to the Court's Protective Order and all copies thereof shall either be promptly destroyed or returned to the government after this case is disposed of by final, non-appealable judgment or other resolution of the charges against the defendant;

7. In the event the terms of the Court's Protective Order are violated, defense counsel shall advise counsel for the United States immediately of the nature and circumstances of such violation; and

8. Nothing contained in the Court's Protective Order shall restrict or prevent any party from using any materials at trial to the extent otherwise permitted by law or restrict or prevent any party from citing any materials in court papers filed in this case, provided such filings are made under seal where appropriate.

**Conclusion**

Here, the measures the Government is requesting the Court to grant through a protective order are "narrowly tailored measures" necessary to protect the privacy rights of the minor victims and witnesses while at the same time providing the defendant with a fair and public trial under the Constitution.  For the foregoing reasons, the Government respectfully requests that the Court grant its motion for a protective order pursuant to 18 U.S.C. § 3509(d)(3) and Fed. R. Crim. P. 16(d)(1).  A proposed protective order is attached for the Court's consideration.

Respectfully submitted,

DEIDRE M. DALY
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Fax:    (203) 773-5376
Email: neeraj.patel@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 26, 2015, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                /s/ Neeraj N. Patel
                                Neeraj N. Patel
                                Assistant United States Attorney