UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-15-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:16CR 6 MPS |
| v. | VIOLATIONS: |
| JOHN EASTMAN | 18 U.S.C. Section 2422(b) (Coercion and Enticement) |
| | 18 U.S.C. Section 2252A(a)(5)(B) (Possession of Child Pornography) |
| | 18 U.S.C. Section 2253 (Forfeiture) |

INDICTMENT

The Grand Jury charges:

GENERAL ALLEGATIONS

1.  At all times relevant to this Indictment, the defendant JOHN EASTMAN ("EASTMAN") was a resident of Connecticut.

2.  Between approximately June 2012 and November 10, 2012, the exact dates being unknown to the Grand Jury, EASTMAN engaged in video chats with minors over the Internet using his computer and online video chatting services such as Skype and others. During these video chats, EASTMAN enticed the minors to engage in sexually explicit conduct, which EASTMAN recorded and/or photographed and then saved on his computer. In order to deceive and entice the minors, EASTMAN posed as famous singers and musicians that are popular to teenagers, including, but not limited to Justin Bieber and members of the band One Direction.

3. In addition to enticing minors to engage in sexually explicit conduct, which he recorded and maintained on his computer, EASTMAN viewed and downloaded over the Internet other images and videos of child pornography on his computers.

## COUNT ONE
(Coercion and Enticement)

4. The allegations set forth in paragraphs 1 to 3 are repeated and re-alleged as if set forth fully herein.

5. Between approximately June 2012 and November 10, 2012, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, EASTMAN did use a facility and means of interstate commerce, namely, his computer and Internet-based video chatting services, to knowingly persuade, induce, entice and coerce individuals who had not attained the age of 18 years to engage in sexual activity for which he could be charged with a criminal offense, namely, Title 18, United States Code, Section 2251(a) (sexual exploitation of children), and attempted to do so.

All in violation of Title 18, United States Code, Section 2422(b).

## COUNT TWO
(Possession of Child Pornography)

6. The allegations set forth in paragraphs 1 to 3 are repeated and re-alleged as if set forth fully herein.

7. On or about November 10, 2012, in the District of Connecticut, EASTMAN did knowingly possess material which contained videos and images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8), including, but not limited to Video call snapshot 232.png, Video call snapshot 138.png, Video call snapshot 443.png, Video call snapshot 439.png, and Video 8.wmv, each containing visual depictions of minors engaging

in sexually explicit conduct, and which had been mailed, shipped, or transported in interstate and foreign commerce by any means, including by computer, and were produced with materials that had been mailed, shipped or transported in interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

8. Upon conviction of one or more of the offenses alleged in this Indictment, EASTMAN shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2428(a) and 2253(a), all right, title, and interest in any property used or intended to be used to commit or promote the commission of the said offenses, all property constituting or traceable to gross profits or other proceeds obtained from such offense, and all visual depictions described in Title 18, United States Code, Sections 2251-2252, and any book, magazine, periodical, film, videotape, or other matter containing any such visual depiction, which was produced, transported, mailed, shipped, or received in committing such offenses, including, but not limited to, the following:

   a. an HP Pavilion desktop computer, bearing serial number 3CR22116SQ, containing a 500 gigabyte Hitachi computer hard drive, bearing serial number JP1572FL0375ZK,

9. If any of the above-described forfeitable property, as a result of any act or omission of EASTMAN, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Sections 2428 and 2253, Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY