UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 3:16-CR-006(MPS) |
| v. : | |
| : | |
| JOHN EASTMAN : | February 12, 2016 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Pursuant to Rule 1(c) of the Local Rules of Criminal Procedure of the District of Connecticut (the "Local Rules"), which incorporates Rule 7(b) of the Local Rules of Civil Procedure, the Government respectfully requests a 45-day extension of time until March 28, 2016, to file its response to the defendant's Motion to Suppress Physical Evidence and Statements (Doc. 30). Counsel for the defendant has no objection to the Government's request. In support of this motion, the Government submits the following:

1. On January 7, 2016, a federal grand jury sitting in New Haven returned an indictment charging the defendant with one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The indictment alleges that between June and November 2012, the defendant engaged in video chats with minors over the Internet using his computer and online video chatting services such as Skype. During these video chats, the defendant enticed the minors to engage in sexually explicit conduct, which the defendant recorded and/or photographed and then saved on his computer. In order to deceive and entice the minors, the defendant posed as famous singers and musicians that are popular to teenagers. The indictment

1

further alleges that the defendant viewed and downloaded over the Internet other images and videos of child pornography.

2. The charges stem from an investigation originally conducted by members of the Waterbury Police Department, during which detectives obtained a signed statement from the defendant after he signed a form acknowledging and waiving his *Miranda* rights. The detectives also obtained a signed consent from the defendant allowing the police to search and forensically examine his computer.

3. On January 22, 2016, the defendant filed his Motion to Suppress Physical Evidence and Statements. In his motion, the defendant seeks to suppress the evidence obtained from his computer and the statements he made to law enforcement, arguing that he never consented to the search of his computer, he never waived his *Miranda* rights, and he never provided a signed statement to law enforcement. Among other things, he claims that the signatures on the consent to search form, the waiver of rights form, and the signed statement, are not his, suggesting they must have been forged. The defendant also attaches the report of a handwriting expert who also claims the signatures on those forms are not those of the defendant. Under the Local Rules, the Government's response is due within 21 days, which would be February 12, 2016.

4. The defendant's motion to suppress advances several arguments and seeks to exclude evidence, which if granted could effectively end the prosecution of this case. The Government has been begun preparing its response to the defendant's motion, but respectfully requests additional time in order to thoroughly investigate the defendant's claims and properly complete its brief in a way that addresses the issues involved. In particular, the Government needs time to gather additional facts and talk to the two Waterbury Police detectives who

interviewed the defendant, read him his Miranda rights, and obtained and witnessed the defendant's signed waiver of rights form, his signed statement, and his signed consent to search his computer. The Government also needs time to interview additional law enforcement officers who were present at the Waterbury Police Department on the day of the interview, including a supervisor who signed the defendant's statement as a witness.

5. In addition, the defendant's handwriting expert draws his conclusions by comparing the signatures on the disputed forms to handwriting exemplars obtained from the defendant after his arrest and signatures on documents he signed after his arrest, with the exception of one document he signed before his arrest. The Government needs time to obtain its own handwriting expert to refute the conclusions of the defendant's expert and for the Government's expert to then review the materials and prepare his/her own report.

6. Finally, additional time is necessary because the undersigned AUSA is beginning a trial before Judge Chatigny on February 16, 2016, which is expected to last until March 11. The undersigned will continue to work on preparing its response to the defendant's motion while engaged in the other trial. However, the Government respectfully requests the extension of time so that it may complete its brief in a manner that fully analyzes and responds to the defendant's claims.

7. Counsel for the Government has conferred with defense counsel, Assistant Federal Defender Kelly Barrett, who has no objection to this request.

8. This is the Government's first request for an extension of time to file a response to the defendant's motion to suppress evidence.

Wherefore, for the foregoing reasons, the Government respectfully requests that the Court grant its request for an extension of time to file its response to the defendant's motion to and including March 28, 2016.

    Respectfully submitted,

    DEIRDRE M. DALY
    UNITED STATES ATTORNEY


    /s/   Neeraj Patel
    NEERAJ PATEL
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. phv04499
    157 Church Street, 25th Floor
    New Haven, CT  06510
    Tel.:   (203) 821-3700
    Fax:   (203) 773-5376
    Email: neeraj.patel@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2016, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/   Neeraj Patel
      Neeraj Patel
      Assistant United States Attorney