UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN EASTMAN | No. 3:16-cr-00006 (MPS)<br><br>March 11, 2016 |

### REVISED PRE-TRIAL ORDER

Government counsel:        Neeraj Patel, U.S. Attorney's Office

Defense counsel:            Kelly M. Barrett, counsel for Dominique Eastman

1.  **Government's Rule 16 Discovery**

    Counsel for the government shall provide its Rule 16 discovery, to the extent not already provided, no later than **May 9, 2016**.

2.  **Pre-trial Motions under Rule 12(b)(3)**

    A.  The Court has already scheduled a hearing on the Defendant's motion to suppress for **March 31, 2016**. The Defendant has represented that he will not be filing further motions under Rule 12(b)(3).

3.  **Jury Selection**

    A.  Counsel for the government and the defendant shall confer in an effort to file a joint proposed statement describing, as briefly as possible, the nature of the case and submit this statement to the Court no later than **August 17, 2016**. This statement will be read to the jury panel during jury selection. Absent agreement, counsel for the government and the defendant shall each submit a brief summary of the case no later than **August 19, 2016**.

    B.  Jury selection will be held on **September 7, 2016, at 9:00am**. The parties will be selecting **12** jurors and **4** alternate jurors. Counsel and their clients are expected to be in court at **8:45am** for pre-jury selection matters. Counsel must submit any proposed voir dire questions it intends to ask the jury panel no later than **August 8, 2016**.

    C.  Peremptory challenges: The number of and the procedure for exercising the peremptory challenges of the government and the defendant, in accordance with

>Fed. R. Crim. P. 24(b) & (c), will be determined at the pre-trial conference, scheduled for **August 31, 2016, at 2:00 pm**. *The attorneys who will actually try the case must be present at the pre-trial conference.*

**4.** **Trial Schedule**

Evidence is currently scheduled to begin on **September 7, 2016**, and will continue as needed. Each trial day will commence for counsel no later than **8:45am.** The Court's practice is to commence proceedings before the jury each day at **9:00am** and to continue until **3:00pm**, with a 15-minute break at **10:30am** and a 45-minute lunch break at **12:30pm**. Minor deviations from this schedule may be necessary at times to accommodate witnesses, but *the Court expects all counsel, clients, and case agents to be seated in the courtroom no later than 8:45am on each trial day*. Trial dates are subject to reasonable adjustment by the Court, and counsel should be accordingly prepared.

**5.** **Witnesses**

> A.  Counsel for the government shall provide counsel for the defendant with a final witness list no later than **August 10, 2016**. Counsel for the defendant shall provide counsel for the government with a final witness list no later than **August 17, 2016**. The government will be expected to make a showing of good cause for any late notice of its intention to call additional or substituted witnesses who are not included on its final witness list.
>
> B.  The Court prefers that counsel for the government provide counsel for the defendant with any heretofore undisclosed Jencks Act and *Giglio* material for each of its witnesses no later than **August 22, 2016**. Any reverse disclosure material shall also be provided by the defendant by **August 29, 2016**.
>
> C.  The parties shall also indicate whether they wish to have a witness sequestration order entered in this case at the pre-trial conference. The government may request to have the lead case agent present at counsel table for the duration of the trial.
>
> D.  If the government intends to proffer any expert testimony, the government must disclose to the defendant its experts' qualifications, opinions, and bases therefor by **June 17, 2016**. If the defendant intends to proffer any expert testimony, the defendant must disclose to the government its experts' qualifications, opinions, and bases therefor by **July 1, 2016**. If the parties have any objections to an expert, including under *Kumho* or Federal Rules of Evidence 702, they must make any motion to preclude such expert no later than **July 18, 2016**, and an opposition to such motion must be filed by **August 18, 2016**.
>
> E.  No later than **August 26, 2016**, both the government and the defendant must file notice if they intend to impeach any witness, including the defendant, should he choose to testify, by evidence of prior convictions under Fed. R. Evid. 609. Such

notice shall include a copy of the witness's criminal record and an indication of which convictions counsel intends to use for impeachment.

**6.     Exhibits**

    A.     Counsel for the government and the defendant shall meet no later than **August 25, 2016**, to pre-mark the exhibits they intend to offer at trial. All of the exhibits shall be pre-marked for identification and, to the extent possible, as full exhibits. The parties should avoid marking exhibits a, b, c, d, etc. The exhibits shall be numbered, to the extent practicable, in the order that they are likely to be offered, using exhibit tags, which can be provided by the Clerk's Office upon request. In order to coordinate exhibit identification to ensure that exhibits and exhibit numbers are not duplicated, exhibit numbers should begin as follows:

        Government's exhibits:     1
        Defendant's exhibits:     1000

    B.     No later than **August 26, 2016**, counsel for the government and the defendant shall provide the Court with a list of exhibits and three copies of all exhibits (except firearms, contraband and other physical objects) that will be introduced at trial.

    C.     Any diagrams, drawings or written demonstrative aids, or markings on exhibits should be drawn or marked before the witness with which they are to be used takes the stand, disclosed to opposing counsel no later than 3 p.m. of the court day preceding the proposed adoption, and the witness may then, barring objection, adopt the diagram, drawing, written demonstrative aid, or marking and tell the jury what it represents. Any objection must be raised at or before 8:00 a.m. on the day such will be used during trial.

    D.     Counsel are also advised to direct witnesses to review all exhibits about which they will be questioned on direct-examination prior to trial. Any testifying government agents should bring any reports or declarations they have prepared in connection with this case to the witness stand when they testify.

    E.     Any demonstratives or summary charts shall be exchanged by **August 26, 2016**.

**7.     Evidentiary Issues**

    A.     On **March 31, 2016, at 9:00am**, the Court will hold an evidentiary hearing on the issues raised by Mr. Eastman's January 22, 2016 Motion to Suppress (ECF No. 30).

    B.     On **August 31, 2016,** at the pre-trial conference, the Court will hear argument and evidence on any other evidentiary issues, objections to exhibits or witnesses,

        motions *in limine*, or other matters raised in motions as required above. Motions *in limine* must be filed by **August 12, 2016**, and any opposition thereto must be filed by **August 26, 2016**. *At the pre-trial conference, the parties must advise the Court of any significant evidentiary problems they expect to arise*. The defendant is required to be present at this hearing.

    C.    If significant objections arise after the filing of motions, as required by paragraph A above, counsel shall prepare a written motion setting forth all specific objections, supported by legal memoranda citing appropriate supporting authorities. However, the Court will not consider other issues before or during the trial that are not raised by motion with accompanying legal memoranda in accordance with the deadlines listed above, absent a strong showing that counsel could not, by the exercise of due diligence, have raised the issue sooner. Counsel are advised that, where any such matters could not have been raised by the deadline in paragraph A above, counsel should bring the matter to the Court's attention as soon as counsel becomes aware of the issue.

    D.    The Court intends for all trial testimony to be presented without interruption on each day of trial, excluding recesses. The Court expects to hear argument on issues that are raised in the course of the trial only in advance of the start of evidence, at the end of evidence, or at the beginning of any recesses. Arguments on such issues will not be entertained at the end of a recess or during testimony. Counsel are advised that the Court does not intend to hold bench or chambers conferences during the trial day.

**8.**    <u>**Stipulations**</u>

The parties will file a joint list of stipulated facts (if any) in a form to be read to the jury no later than **August 26, 2016**.

**9.**    <u>**Jury Instructions and Verdict Forms**</u>

    A.    The Court will provide counsel with proposed preliminary jury instructions to be read at the beginning of evidence on **August 26, 2016**. Counsel for the government and the defendant shall submit any proposed modifications to the preliminary jury instructions no later than **August 30, 2016**.

    B.    The parties shall submit any requests to charge and proposed jury instructions by **August 26, 2016**. The parties need not submit standard instructions of the type given in every criminal trial. For standard instructions used by the Court in previous trials, see *United States v. Reyes*, 3:10-cr-00120 and *United States v. Jones*, 3:13-cr-00002. The Government must submit proposed instructions on the substantive offenses charged in the indictment, and the defendant must submit proposed instructions for any specific theories of defense on which he requests that the Court charge the jury.

    C.    Prior to the charging conference, which the Court will schedule to occur near the end of the trial, the Court will provide the parties with a draft of the jury instructions to be read at the conclusion of evidence. Counsel shall be expected to state any objections to the jury instructions at the charging conference and to provide written memoranda citing supporting authorities and providing any alternative instruction counsel considers more appropriate in light of cited supported authorities.

**10.** **Objections**

Any objections to this Order shall be made in writing and filed with the Clerk's office within five (5) days of the issuance of this Order.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
            March 11, 2016