# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  3:16-CR-006(MPS) |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | March 28, 2016 |

**DECLARATION OF ALLISON M. HAIMILA
IN SUPPORT OF GOVERNMENT'S OPPOSITION TO
<u>DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u>**

I, Allison M. Haimila, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Resident Agent in Charge in the District of Connecticut.  I have been so employed for approximately since 2009.  I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as an HSI agent, investigated violations relating to child exploitation and child pornography, including violations pertaining to possession, distribution, receipt and production of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and enticement of minors, in violation of 18 U.S.C. § 2422.  I have also participated in the execution of search and arrest warrants, which involved child exploitation and/or child pornography offenses.  As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2. In February 2014, I was informed about a state case involving defendant John Eastman that was being investigated by the Waterbury Police Department.  I was asked to see if the facts of the case supported federal charges.  I contacted Detective Peter Morgan of the Waterbury Police Department and talked to him about the facts of the case.  I also obtained and

1

reviewed copies of Detective Morgan's reports and the results of his forensic examination of the defendant's computers.

3. Based on my training and experience and my review of Detective Morgan's forensic examination, as well as the statements that I understood Mr. Eastman provided to Detective Morgan on November 10, 2012, I applied for and obtained federal search warrants on or about May 12, 2014 for several of the email accounts associated with the Skype accounts found on Mr. Eastman's computer. I executed those warrants shortly thereafter.

4. Based on my investigation and my training and experience, I believed that several photos and a video that Detective Morgan found on Mr. Eastman's computer were taken during Skype video conversations calls and depicted child pornography of at least five different victims.

5. On February 12, 2015, I applied for and obtained a federal criminal complaint charging John Eastman with the enticement and possession of child pornography. Mr. Eastman was arrested on the complaint and had his initial appearance in federal court on February 20, 2015.

6. After Mr. Eastman's federal arrest, I continued my investigation to try and identify the minors depicted in the photos. Subsequently, on July 28, 2015, I applied for and obtained a search warrant to forensically examine a mirror image of Mr. Eastman's computer. In the affidavit in support of the warrant application, I stated that I was aware that computer forensic examiners at HSI had access to additional computer forensic analysis tools to examine the computer. Computer forensic examiners at HSI executed the warrant, performed additional computer forensics on the computer image, and in addition to recovering the evidence that Detective Morgan had recovered, HSI examiners also recovered Skype chat messages between the Skype accounts on Mr. Eastman's computer and dozens of individuals who I believe are

minors. Several of the chats correspond to the date and time some of the still images depicting child pornography were taken using the Skype Video Snapshot function. In addition, the internet browsing history recovered from the computer indicate the computer user visited the website Motherless.com.

7. Through Facebook and other social media applications, law enforcement was able to identity two of the minors: one resides in Seattle and was 16 years old at the time of the offense, and the other resides in Florida and was approximately 12 years old at the time of the offense.

8. At the time I applied for the federal search warrants described above, and until he filed his motion to suppress, I was unaware that Mr. Eastman was contesting the validity of his consent to search, the waiver of rights, or his voluntary statement. I had read through all of the documents I received from Detective Morgan and I talked to Detective Morgan on numerous occasions. Based on the information provided to me, I had no reason to believe that Mr. Eastman had not provided consent to search his computer or that he had not voluntarily made the statements contained in the Voluntary Sworn Statement. In addition, it was my understanding that Mr. Eastman had never requested to have his computer returned to him.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 28, 2016
Hartford, Connecticut

_____
Special Agent Allison M. Haimila
Department of Homeland Security
Homeland Security Investigations

3