# EXHIBIT H



*Eastman*

## Electronic Monitoring Agreement

Group 4 Securicor

You have been ordered to cooperate with a period of electronic monitoring. A unit will be attached to your ankle to monitor your cooperation with your curfew. For the equipment to function accurately, specific conditions must be present where the home unit is installed. You may also be ordered to carry a MTD tracking device.

1. The home should have a static free telephone line that does not have call waiting, caller ID, caller ID block, call forwarding, three-way calling, or conference calling.
2. Modems, fax machines, and answering machines may interfere with monitoring and therefore cannot share the same phone line/number as the home unit.
3. Once installed, the telephone service, home unit, and ankle unit are not to be tampered with or moved and you are required to remain inside your home during curfew hours.
4. The area around the home unit should be kept clear and free from pictures, mirrors, metal signs, etc.
5. Any telephone line installed by the state or installer is to be used only for monitoring
6. An electronic monitoring installer must be allowed into the home (juveniles must have an adult present) and must have access to telephone lines and electric power.
7. The phone must be allowed to ring twice before answering.
8. The phone must not be used for 10 minutes after the monitored person enters the home.
9. All equipment will be returned to the supervising officer or installer at the end of the monitoring period.
10. The transmitter cannot be immersed under water however, showers are permitted.
11. If you are ordered to carry an MTD tracking device the following will also apply:
    a. You will place the MTD in the powered-up charging stand for a minimum of ten (10) hours a day and at all times while at home.
    b. You will carry/wear the MTD at all times. You will keep the MTD within 50 feet of you at all times. Leaving the MTD behind at home, work, or other places will be grounds for violation.
    c. You understand that all movement will be tracked and stored as official record
    d. You will follow all established home, work, etc. rules. Deviation from your schedule and/or approved travel routes is a violation.
    e. You will respond immediately to all messages sent to your MTD.

Failure to comply with any of the above conditions may result in further sanctions including a return to court. If the equipment is misused, damaged, or not returned, fees of up to $2000.00 may be assessed. The supervising officer will be notified immediately of any problems regarding monitoring.

I/We understand and agree to the above terms:

_____       __11/28/11__
Participant or Legal Guardian Signature       Date

_____
Print Participant and Legal Guardian First and Last Name

_____       __1/28/11__
Juvenile Participant Signature       Date

_____       __1/28/11__
Supervising Officer Signature       Date

MC- 002 Rev A EM Agreement

| COMPUTER ACCESS AGREEMENT | STATE OF CONNECTICUT | | |
|---|---|---|---|
| JD-CR-143 Rev. 1-07 | SUPERIOR COURT | | |
| C.G.S. § 53a-30(a)(17) & (b) | COURT SUPPORT SERVICES DIVISION | | |
| | www.jud.ct.gov | | |



| NAME OF PROBATIONER | PERIOD OF PROBATION | DATE | CMIS NO. |
|---|---|---|---|
| JOHN EASTMAN | 5 MONTHS | 7/8/11 | CA00002355052 |
| G.A. NO./JUDICIAL DISTRICT AT | NAME OF PROBATION OFFICER | | DOCKET NO. |
| G.A. 4 WATERBURY | | | U04W-CR07-0363143-S |

**I AGREE TO THE FOLLOWING CONDITIONS:** *(Probation Officer must check all conditions that apply)*

☒ 1. I will give a written explanation to my Probation Officer of the purpose for owning or using a computer(s), and any necessity for using the computer(s) to access the Internet or an e-mail system.

☒ 2. I will notify my Probation Officer in writing of any changes to the original written explanation for my use of the computer(s).

☒ 3. I will use only the computer(s) that I am authorized to use by my Probation Officer.

☒ 4. I will not enter or participate in any bulletin boards, instant messaging or chat rooms of any type.

☒ 5. I will not use any web-based e-mail program which provides any ability to remain anonymous.

☒ 6. I will, upon the request of my Probation Officer, keep a log of all use of the Internet and the e-mail system.

☒ 7. I will not access any site that contains sexually explicit or sexually stimulating material and any other site that my Probation Officer has instructed me not to access.

☒ 8. I will not possess any sexually explicit or sexually stimulating material in any manner on disk, in computer hard drive, or any other electronic storage medium that can hold this type of material.

☒ 9. I will not use any encryption software or devices without the permission of my Probation Officer. I will give my Probation Officer any and all passwords used on my authorized computer(s).

☒ 10. I will not avoid the creation of, or alter or destroy records of my computer use without my probation officer's approval. This includes, but is not limited to, deleting or removing browser history data regardless of its age, the possession of software or items designed to alter or erase computer media, defeat forensic software or block monitoring software. This also includes a prohibition against restoring a computer to a previous state or reinstallation of operating systems.

☒ 11. I understand that I am responsible for all material and information on my computer, on any computer I have been authorized to use by my Probation Officer, and for the contents of any electronic storage medium under my control.

☒ 12. I agree at the outset of my probation to permit examination of my computer and related equipment to determine what hardware and software exists to provide a basis for comparison to any different hardware or software found in the future.

☒ 13. I agree to have installed and pay for all software programs my Probation Officer requires to monitor the use of my authorized computer(s) for compliance with this Agreement and the conditions of my probation.

☒ 14. I agree and voluntarily consent to having my computer examined and/or searched at any time, announced or unannounced, by Probation or its agent to verify compliance with the special conditions of my probation.

☒ 15. I acknowledge that, if the monitoring or examination of my computer(s) or related equipment in the future reveals that the computer(s) or related equipment has been used in any manner that constitutes a violation of the conditions of my probation, Probation has the authority to confiscate the computer or related equipment. I further acknowledge that, in the event of such a confiscation, all data on the computer or related equipment may be copied and (1) if the data found constitutes a violation of the terms of my probation, the data will be deleted before the computer or related equipment is returned to me, and (2) if the data found constitutes evidence of a crime, the evidence will be given to an appropriate law enforcement agency.

☒ 16. I will supply written documentation of all use and billing records that relate to my computer when requested by my Probation Officer.

☒ 17. I will provide Probation or its agent with a list of all equipment used in conjunction with my authorized computer(s), including backup systems and disks and any equipment added.

☒ 18. I will use the Internet according to the schedule approved by my Probation Officer.

☒ 19. I have read, and will comply with and abide by, the Software Payment, Ownership and Indemnification Agreement attached hereto.

☒ 20. Other:

---

*I have read, and the Probation Officer has reviewed with me, the above checked conditions. I understand them, was provided a copy of them, and will abide by them.*

| SIGNED (Probationer) | WITNESSED BY (Probation Officer) | DATE |
|---|---|---|
| *[signature]* | *[signature]* | 7/28/11 |

DISTRIBUTION: ORIGINAL - Probation Officer   COPY - Probationer

CSSD – Adult Probation – Judiciary
Terms and Conditions of Global Positioning System (GPS) Monitoring

Offender's Name: John Eastman                                Agency Number: _____

1. I understand that I will be monitored by a non-removable ankle bracelet (device). I will be required to wear the device 24 hours a day, 7 days a week. I understand that my location will be monitored by this device.

2. I will charge the device for a continuous 120 minutes every day without unplugging the device for the entire cycle using the charger provided to me. I am financially responsible for care taking of the charging unit and ankle bracelet and will be careful not to damage either piece of equipment.

3. I am responsible for electrical service to my residence and will ensure it is continuously maintained during my time wearing the device.

4. I authorize any probation official or law enforcement officer to enter my residence at any time.

5. I understand that any attempt to remove the device, failure to charge it every day, or attempt to interfere with its ability to transmit information is considered a violation subject to investigation and considered a violation of my terms of probation.

6. Damage or theft of the device or charger may result in prosecution and would be a violation of the terms of my probation.

7. I understand that I must comply with the daily schedule given to me. I understand that my schedule will be verified by phone calls and unscheduled visits at any time.

8. I understand that I must remain at my residence **at all times** unless given written approval by my supervising officer. Residence is defined as the dwelling I live in, not including the front porch, yard, garage, or any other area outside the front, back or side door of the dwelling.

9. I understand that should I fail to arrive at a designated location within the prescribed time or leave my designated location at an invalid time, such an action may be deemed a violation of the terms of my probation

10. I understand that I will not enter areas that are defined as exclusion zones (i.e. work place or residence of my instant offense) as documented by my supervising officer.

11. I will respond immediately to all calls and messages as they relate to my GPS Monitoring and failure to do so would be a violation of my terms of release.

12. I will let my supervising officer know of any changes to telephone, working, or other contact information immediately. I will also keep the supervising officer apprised of all people living in the same residence as me.

I UNDERSTAND AND AGREE TO ABIDE BY THE ABOVE TERMS AND CONDITIONS ASN I FURTHER UNDERSTAND THAT EVEN IF I REFUSE TO SIGN THIS FORM THESE RULES ARE STILL IN EFFECT. I hereby certify that these terms and conditions have been read and explained to me, and that I fully understand these terms and conditions.

John Eastman                                    [signature]                   1/28/11
OFFENDER'S NAME                                  SIGNATURE                    DATE

Nicole Grello                                   [signature]                   1/28/11
OFFICER'S NAME                                   SIGNATURE                    DATE

| | |
|---|---|
| **FIREARM ACKNOWLEDGMENT**<br>JD-AP-137 New 10-06<br>C.G.S. § 29-33, 29-36f, 29-36k,<br>53a-30, 53a-217, 53a-217c | **CONNECTICUT JUDICIAL BRANCH**<br>**COURT SUPPORT SERVICES DIVISION**<br>**ADULT PROBATION**<br>www.jud.ct.gov |

**INSTRUCTIONS**

1. Complete all information requested and have the person initial where provided.
2. If the person is 16 or 17 years of age a legal guardian should initial and sign where applicable.
3. If the person refuses to sign or to provide information, check appropriate box provided at bottom of form.
4. Place original in Probation file and give a copy to person under probation supervision.

NAME (Person under probation supervision): John Eatman     ADDRESS: _____

I, the person named above, acknowledge and understand that I am currently under a period of probation supervision, and in accordance with a specific Court order and/or Connecticut General Statutes Section 29-33, 29-36f, 29-36k, 53a-30, 53a-217, and/or 53a-217c, **I am ineligible to possess a firearm as a condition of my probation.**

("X" one of the following and initial where provided:)

☐ 1. I am currently in possession of the firearm(s) described below and will either legally transfer ownership or surrender the firearm(s) to the State Police not later than the end of business on (date) _____ (two (2) business days) and will provide the probation officer with verification of the transaction within three (3) business days of the transaction.

(Initial) _____

**Description of weapon(s):**

The weapon(s) described above is/are the only weapon(s) that I possess.  (Initial) _____

☐ 2. I have possessed one or more firearms in the past but do not currently possess any firearms. I will provide my probation officer with a transfer of ownership form or receipt of surrender or a copy of a firearm statement not later than the end of business on (date) _____ (three (3) business days).

(Initial) _____

☒ 3. I do not possess, and have never possessed a firearm.    (Initial) _JG_

I have discussed and reviewed this information with my probation officer and I agree that the information shown above is accurate and true. I understand that I am not to possess any firearms while I am under probation supervision. I also understand that if I am found to be in possession of a firearm I may be found to be in violation of my probation supervision.

SIGNED: X _[signature]_     1/28/11
(Person under Probation Supervision and/or guardian)   (Date)

WITNESSED: _[signature]_     1/28/11
(Probation Officer - sign and print name)   (Date)

WITNESSED: _____
(Probation Officer - sign and print name)   (Date)

(If the person under probation refused to sign or provide information, sign the "witnessed" section above and check the appropriate box below.)

☐ Person under probation supervision refused to complete/sign this form but verbally provided the information shown above.
☐ Person under probation supervision refused to provide any firearms information.

DISTRIBUTION:    ORIGINAL - File    COPY - Person Under Probation Supervision

CLIENT: JOHN EASTMAN
DOB: 10/2/67
CA00002355052

## COURT ORDERED SPECIAL CONDITIONS

1. If convicted of a violation of General Statutes Section 53-21 (a)(2), 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a, or 53a-72b, immediately notify your supervision officer whenever you change your residence address.
2. No contact with the two victims
3. Substance abuse evaluation and treatment

_____     1/28/11
Client Signature                             Date Signed

_____     1/28/11
Probation Officer Signature              Date Signed