1    UNITED STATES DISTRICT COURT

2    DISTRICT OF CONNECTICUT

3
     UNITED STATES OF AMERICA,  )
4                    Plaintiff,  )          NO: 3:16CR6(MPS)
                                )
5    vs.                        )
                                )          March 2, 2017
6    JOHN EASTMAN,              )
                     Defendant.  )          Plea
7    _____

8
                              450 Main Street
9                          Hartford, Connecticut

10   B E F O R E:
             THE HONORABLE MICHAEL P. SHEA, U.S.D.J.
11

12   A P P E A R A N C E S:

13   For the Plaintiff :        NEERAJ N. PATEL, AUSA
                                United States Attorney's Office
14                              157 Church Street, 25th Floor
                                New Haven, CT 06510
15
     For the Defendant:         MOIRA LYNN BUCKLEY, ESQUIRE
16                              Law Offices of Moira Buckley, LLC
                                P.O. Box 424
17                              Marlborough, CT 06447

18

19

20

21

22

23
     Court Reporter:            Martha C. Marshall, RMR, CRR
24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.

1         THE COURT:  Good afternoon.  Please be seated.

2         We're here in United States versus John Eastman.

3    The case is 16CR6.  Let's have appearances, starting with the

4    Government, please.

5         MR. PATEL:  Thank you, Your Honor.

6         Your Honor, Neeraj Patel on behalf of the United

7    States.  And with me at counsel table is Special Agent

8    Allison Himalelle (ph) with the Homeland Security

9    Investigation.

10        MS. BUCKLEY:  Good afternoon, Your Honor.  Moira

11   Buckley representing John Eastman who is with me at counsel

12   table.

13        THE COURT:  Good afternoon.

14        I understand we're here, Attorney Buckley, because

15   Mr. Eastman has decided to change his plea and to plead

16   guilty to Count One of the Indictment which charges him with

17   use of an interstate facility to entice a minor to engage in

18   sexual activity, in violation of Title 18, United States

19   Code, Section 2422(b), is that right?

20        MS. BUCKLEY:  It is, Your Honor.

21        THE COURT:  Mr. Eastman, the first thing I want to

22   tell you today -- that's all right.  You can be seated, sir.

23   I'll let you know when you need to stand.

24        The first thing I want to tell you is to take your

25   time.  The decisions you have to make today are important and

1   it's important that you completely understand what's going on

2   in the courtroom and what you're doing before you make those

3   decisions.  If you have any problems or questions during this

4   proceeding at any time, please let me know or, if you need

5   time to speak privately with your lawyer, Attorney Buckley,

6   please let me know that and I will give you all the time that

7   you need.

8           Do you understand?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Now, before I can accept your guilty

11   plea, there are questions that I have to ask you while you

12   are under oath to make sure the plea is valid.  If you don't

13   understand one of my questions, please let me know that and I

14   will rephrase it.

15          At this I am going to ask you to stand and raise

16   your right hand so that the Clerk can place you under oath.

17                J O H N   E A S T M A N,

18   the Defendant, having been duly sworn by the Clerk, was

19   examined and testified on his oath as follows:

20          THE COURT:  You can be seated.

21          Mr. Eastman, do you understand that now that you've

22   been sworn, if you do not answer truthfully your answers to

23   my questions can be used against you in a prosecution for

24   perjury or for making a false statement?

25          THE DEFENDANT:  Yes, sir.  Yes, Your Honor.

1    THE COURT:  To begin with, Mr. Eastman, I'm going to

2  get some background information about you.  What is your full

3  name?

4    THE DEFENDANT:  John Timothy Eastman.

5    THE COURT:  Have you ever used any other names, any

6  nicknames, any street names, any alias, anything like that?

7    THE DEFENDANT:  No.

8    THE COURT:  Are you a citizen of the United States?

9    THE DEFENDANT:  Yes, Your Honor.

10    THE COURT:  How old are you?

11    THE DEFENDANT:  I'm 49.

12    THE COURT:  And how far did you go in school?

13    THE DEFENDANT:  10th grade.

14    THE COURT:  And have you had any trouble

15  communicating with your lawyer for any reason?

16    THE DEFENDANT:  No.

17    THE COURT:  Are you now or have you recently been

18  under the care of a doctor?

19    THE DEFENDANT:  No.

20    THE COURT:  And are you now or have you recently

21  been under the care of a psychiatrist, a psychologist, or

22  mental health worker?

23    THE DEFENDANT:  No, Your Honor.

24    THE COURT:  During the past 48 hours, have you taken

25  any narcotic drugs, any medicine or any pills?

1          THE DEFENDANT:  No.

2          THE COURT:  And during that period, have you drunk

3    any alcoholic beverages?

4          THE DEFENDANT:  No.

5          THE COURT:  Have you ever been hospitalized or

6    treated on an out-patient basis for narcotics addiction or

7    other substance abuse, including alcohol?

8          THE DEFENDANT:  Yes, I've been in treatment.

9          THE COURT:  When?

10          THE DEFENDANT:  A few times.

11          THE COURT:  When was the most recent time, how many

12    years ago?

13          THE DEFENDANT:  The most recent was 1999.

14          THE COURT:  Okay.  As you sit here today, is your

15    mind clear?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And do you understand what's going on so

18    far?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And will you let me know if at some

21    point you don't know what's going on?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Attorney Buckley, have you had any

24    difficulty communicating with your client?

25          MS. BUCKLEY:  Not at all, your Honor.

1      THE COURT:  Do you believe he understands the rights

2  he'll be give up by pleading guilty today?

3      MS. BUCKLEY:  Yes, Your Honor.

4      THE COURT:  Do you have any doubt as to his

5  competence to plead guilty today?

6      MS. BUCKLEY:  No, your Honor.

7      THE COURT:  We spoke on the phone the other day just

8  to schedule this hearing.  I don't know whether you were able

9  to meet with your client ahead of time.

10      MS. BUCKLEY:  I was able to meet with him yesterday,

11  and then I saw him again briefly this morning -- not this

12  morning, this afternoon.  But I was able to meet with him

13  down in Bridgeport yesterday.

14      THE COURT:  Very well.  Thank you.

15      Mr. Eastman, from your perspective, have you had

16  enough opportunity and enough information to discuss the case

17  with your lawyer?

18      THE DEFENDANT:  Yes.

19      THE COURT:  And are you satisfied to have her

20  represent you in this proceeding?

21      THE DEFENDANT:  Yes, I'm satisfied.

22      THE COURT:  Is there any way in which you're not

23  fully satisfied with her advice and representation?

24      THE DEFENDANT:  No.

25      THE COURT:  Attorney Buckley, from your

1  perspective, have you had enough time and information to

2  allow for meaningful discussion with the Defendant about the

3  case?

4          MS. BUCKLEY:  Yes, Your Honor.

5          THE COURT:  Mr. Eastman, did you receive a copy of

6  the Indictment in this case?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And you've read it?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And you've had -- have you had a chance

11  to consult with your lawyer about the charges?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  I'm sorry?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Do you understand the charges against

16  you?

17         THE DEFENDANT:  Yes.

18         THE COURT:  I now want to talk to you about the

19  rights you'll be giving up if you plead guilty.  The most

20  important thing I want you to understand is that in our

21  system of justice, you don't have to plead guilty even if you

22  are guilty.  By law, the Government has the burden of proving

23  the guilt of a defendant beyond a reasonable doubt.  If the

24  Government's not able to meet that burden, the jury has the

25  duty to find the Defendant not guilty even if he is guilty.

1    Do you understand that?

2              THE DEFENDANT:   Yes, Your Honor.

3              THE COURT:   Sometimes a jury will find a defendant

4    not guilty, even though the people sitting watching the trial

5    thought the Defendant was probably guilty.   What the jury was

6    saying in that type of a case is not necessarily that it

7    found that the Defendant was innocent but, instead, that it

8    found that the Government failed to meet its burden of

9    proving the guilt of the Defendant beyond a reasonable doubt.

10   Do you understand?

11             THE DEFENDANT:   Yes, Your Honor.

12             THE COURT:   So that's why I say that even if you're

13   guilty, you still have the right to continue in your case to

14   plead not guilty, which means you have a choice even today.

15   You can plead guilty, as you've indicated you wish to do, or

16   you can say to the Government prove it.   Meet your burden of

17   proving my guilt beyond a reasonable doubt.   And the way you

18   do that and make the Government go to trial on the

19   Government's case is you say "not guilty" when Ms. Johnson,

20   the Clerk of the Court, asks you how you plead in about 25

21   minutes from now.   Do you understand?

22             THE DEFENDANT:   Yes.

23             THE COURT:   Now, if you were to maintain your plea

24   of not guilty, under our Constitution and under federal law

25   you'd be entitled to a speedy public trial by jury with the

1    assistance of counsel both at the trial and at every stage of

2    the proceedings on the charge contained in the indictment.

3    Do you understand?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Now, you're currently represented by

6    Attorney Buckley.  If in the future you were not and you

7    could not afford to hire counsel, I would appoint counsel to

8    represent you at no cost to you.  Do you understand?

9            THE DEFENDANT:  Yes.

10           THE COURT:  At trial, I would instruct the jury to

11   presume that you were innocent, and the Government would have

12   to overcome that presumption and prove you guilty by

13   competent evidence and beyond a reasonable doubt.  You would

14   not have to prove that you were innocent.  In fact, you would

15   not have to introduce any evidence at the trial.  If the

16   Government failed to meet its burden, the jury would have the

17   duty to find you not guilty.  Do you understand?

18           THE DEFENDANT:  Yes.

19           THE COURT:  During the trial, the witnesses for the

20   Government would have to come to court and testify in your

21   presence.  You would have the right to confront those

22   witnesses and your lawyer would have the right to

23   cross-examine them, to object to evidence offered by the

24   Government, to offer evidence on your behalf, and to use a

25   subpoena to compel the attendance of witnesses to testify at

1    the trial on your behalf.  Do you understand those rights?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  At trial, while you would have the right

4    to testify if you wanted to testify, you could not be

5    required to testify.  Under our constitution, no one can

6    force you to take the witness stand at your trial and say

7    anything that could be used to show that you're guilty of the

8    crime with which you're charged.  If you decided not to

9    testify, I would instruct the jurors that you were exercising

10   your constitutional right and that they could not hold that

11   against you.  Do you understand?

12             THE DEFENDANT:  Yes.

13             THE COURT:  On the other hand, if you decide to

14   plead guilty, as you've indicated you wish to do, I'm going

15   to have to ask you questions about what it is that you did in

16   order to satisfy myself that you are, in fact, guilty, that

17   the facts support your guilt, because I'm not allowed to

18   accept your guilty plea unless I make that finding.  You'll

19   have to answer my questions and admit your guilt.  So you'll

20   be giving up the right that I described, that is, the right

21   not to say anything that will show you're guilty of the crime

22   with which you're charged.

23             If you plead guilty and I accept your plea as valid,

24   you'll be giving up your constitutional right to a trial and

25   the other rights that I discussed.  There will be no trial.

1          Do you understand?

2          THE DEFENDANT:   Yes.

3          THE COURT:   The offense to which you intend to plead

4   guilty is a felony.   If your plea's accepted, you'll be found

5   guilty of a felony.   That could deprive you of important

6   civil rights, such as the right to vote, the right to hold

7   public office, the right to serve on a jury, and the right to

8   possess firearms.   A felony conviction could also prevent you

9   from obtaining certain jobs and professional licenses.   In

10   this case, a felony conviction could also require you to

11   register as a sex offender and may also carry other

12   consequences as a result of the nature of this conviction.

13          You've told me you're a citizen and I believe you.

14   I'll still required to tell you that if you were not a

15   citizen you could be deported, denied citizenship, and denied

16   admission to this country in the future as a result of your

17   guilty plea.

18          Finally, your guilty plea today could work to your

19   disadvantage if in the future you were found guilty of

20   another crime because there's a possibility you could receive

21   a more severe penalty at that time as a result of this guilty

22   plea and conviction.   I'm not expecting that you're going to

23   commit a crime in the future, but I am required to tell every

24   defendant that.

25          All right.   Attorney Buckley, have you discussed

1    with Mr. Eastman the collateral consequences of pleading

2    guilty to this charge?

3           MS. BUCKLEY:  I have, Your Honor.

4           THE COURT:  Mr. Eastman, do you understand all of

5    the rights and all of the possible consequences of a guilty

6    plea that I have reviewed with you?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  Do you have any questions for me or

9    Attorney Buckley at this time?

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  Are you willing to give up your right to

12   the trial and the other rights that I discussed?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And you have the Plea Agreement there,

15   Attorney Buckley?

16          MS. BUCKLEY:  Yes, Your Honor.

17          THE COURT:  Mr. Eastman, have you had a chance to

18   read the Plea Agreement?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Have you had a chance and enough

21   opportunity to discuss it with your lawyer?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand the Plea Agreement?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Attorney Buckley, are you confident that

 1    to Mr. Eastman understands the terms of the Plea Agreement?

 2            MS. BUCKLEY:  I am, Your Honor.

 3            THE COURT:  And you've had a chance -- enough time

 4    to review it with him?

 5            MS. BUCKLEY:  I have, Your Honor.

 6            THE COURT:  Mr. Eastman, if you're still ready and

 7    willing to sign the Plea Agreement, you should do that now.

 8            MR. PATEL:  Your Honor, the Plea Agreement has been

 9    signed by both parties.

10            THE COURT:  All right.  If you could bring it

11    forward, please.

12            So, Mr. Eastman, in a moment I'm going to ask

13    Attorney Patel to summarize the terms of the Plea Agreement

14    and when he's done, I'm going to turn to you and ask you if

15    what he said accurately reflects your understanding of the

16    agreement.

17            Before we do that, I do just need to ask counsel.  I

18    did notice that the Plea Agreement amounts to an agreement to

19    have the Defendant make what's known as a conditional plea

20    under Rule 11(a)(2) of the Rules of Criminal Procedure,

21    something that both the Government and I have to agree to.

22    Obviously, the Government appears to have agreed because it's

23    in the Plea Agreement.  I take it that the rationale is that

24    the Defendant wants to reserve his right to appeal my ruling

25    on the Motion to Suppress that the Defendant filed and that,

1   in effect, the reason for doing it this way is the case

2   hinges on that ruling.  Is that a fair statement?

3            MR. PATEL:  Yes, Your Honor.

4            MS. BUCKLEY:  It is, Your Honor.

5            THE COURT:  So then I'm going to make a finding that

6   I will approve that, a plea under Rule 11(a)(2), because in

7   light of the fact that it would promote judicial economy to

8   do that.  If the ruling is upheld, well, then, the case and

9   the sentence will be final and, if it's not upheld, in

10  effect, as I understand it, there would be no case.  Is that

11  right, Mr. Patel?

12           MR. PATEL:  That is the Government's position.

13           THE COURT:  That's fine.  In that circumstance it

14  does make sense to save the Court and jurors the need for a

15  trial if it all hinges on that ruling.  So that's perfectly

16  fine.

17           In light of that, I'm going to ask Mr. Patel to

18  summarize the terms of the Plea Agreement and then we'll

19  proceed as I indicated.

20           MR. PATEL:  Thank you, Your Honor.

21           The plea is in the form of a 13 page letter

22  agreement dated today from the U.S. Attorney's Office

23  addressed to Attorney Buckley in which the Defendant agrees

24  to plead guilty to Count One of the Indictment, charging him

25  with using an interstate facility to persuade a minor to

1   engage in unlawful sexual activity, in violation of 18,

2   United States Code, Section 2422(b).

3           As Your Honor noted, it is a conditional plea in

4   which the Defendant reserves his right to appeal this Court's

5   August 15th, 2016 ruling denying his motion to suppress.  If

6   he appeals and prevails, the Government will not object to

7   the Defendant's motion to withdraw his guilty plea on a

8   remand.

9           The bottom of page one and the top of page two

10  contain the elements that must be satisfied to be found

11  guilty.

12          THE COURT:  We'll go over those later.

13          MR. PATEL:  Thank you.

14          Turning to page two, sets forth the maximum

15  penalties for the offense.  In this case, the Defendant faces

16  a maximum penalty of life in prison, a $250,000 fine, and a

17  mandatory minimum penalty of 10 years of imprisonment.  The

18  Court must also impose a term of supervised release of at

19  least five years and as much as life.

20          By pleading guilty, he'll be required to register as

21  a sex offender as a condition of supervised release.  If he

22  violates any condition of supervised release, he could be

23  required to serve a further term of imprisonment of up to

24  five years with no credit for time already spent on

25  supervised release.  If he violates a condition of supervised

1    release by committing certain enumerated offenses which are

2    basically other child exploitation or sex offenses, then he

3    will be required to serve a term of imprisonment of not less

4    than five years of imprisonment.

5          Under the alternative fine provisions of the United

6    States Code, the maximum fine that could be imposed is the

7    greatest of twice the gross gain or loss from the offense or

8    $250,000.  He's also obligated to pay a special assessment of

9    $100.  And he's also subject to restitution.

10         Finally, in addition to the standard conditions of

11   supervised release, the Defendant does not object to certain

12   additional conditions which are set forth on a rider that's

13   attached on pages 12 and 13.

14         Turning to page three, at the top.  The Defendant

15   understands that the Court must also order that the Defendant

16   make restitution, and the Government reserves its right to

17   seek restitution on behalf of the victims.  The scope and

18   effect of an order of restitution are set forth in a rider

19   that's attached on page 11.

20         Starting at the middle of page three, in the section

21   entitled Forfeiture.  The Defendant agrees to forfeit any

22   interest he has in a Hewlett Packard computer.  That's

23   further described on page three.

24         Turning to page four, at the top.  The Defendant

25   understands that in tailoring an appropriate sentence, the

1    Court is required to consider any applicable Sentencing

2    Guidelines as well as the factors in United States Code

3    3553(a), and that the Court is not bound by the Plea

4    Agreement.   The Defendant understands that any sentencing

5    determinations will be made by the Court based on the

6    preponderance of the evidence, based on input from the

7    Defendant, the Government, and the Probation Office.   And

8    that he has no right to withdraw his guilty plea if his

9    sentence or Guidelines application is other than he

10   anticipated.

11          In the middle of page four.   The Government agrees,

12   through a combination of recommendation and motion, to ask

13   the Court to reduce the Defendant's total offense level under

14   the Sentencing Guidelines by three levels based on his

15   acceptance of responsibility and his prompt notification of

16   intention to plead guilty.   Those recommendations are

17   conditioned upon the Defendant's demonstration of acceptance

18   of responsibility by truthfully admitting his offense conduct

19   and truthfully disclosing to the U.S. Attorney's Office and

20   the Probation Office any personal information that's

21   requested.

22          The Government reserves the right to seek denial of

23   the adjustment for acceptance of responsibility if he engages

24   in any acts unknown as of today which indicate that he has

25   not terminated or withdrawn from criminal conduct or which

1    could constitute obstructing or impeding the administration

2    of justice or constitute a violation of any release

3    condition.

4          The Government reserves the right to seek denial of

5    the adjustment if he seeks to withdraw his guilty plea or

6    takes a position at sentencing which, in the Government's

7    view, is inconsistent with acceptance of responsibility.  And

8    he understands that he may not withdraw his guilty plea if

9    for those reasons the Government does not make the

10   recommendations.

11         Turning to page five, at the top.  The

12   Government -- the parties have entered into a Stipulation of

13   Offense Conduct that's attached on page 10.  The Defendant

14   understands that this Stipulation does not set forth all of

15   the relevant conduct that the Court may consider and that the

16   Government and Probation Office are obligated to advise the

17   Court of any additional relevant facts.

18         In the middle of page five, there's a Guideline

19   Stipulation.  And in this case the parties disagree about the

20   Guidelines calculation and the Guidelines range and, also,

21   disagree about the Defendant's Criminal History Category.

22   The parties reserve their rights to seek a departure or

23   non-guidelines sentence, and both sides reserve their right

24   to object to a departure or a non-guidelines sentence.

25         The Government agrees not to seek a sentence above

1    240 months, and the Defendant agrees that he may not argue

2    for a sentence below 120 months of imprisonment, which is the

3    mandatory minimum.

4         The Defendant understands that the Court is not

5    bound by this agreement on the ranges, on the Guidelines

6    ranges or the ranges that were just discussed, and that he

7    will not be permitted to withdraw his guilty plea if the

8    Court imposes a sentence outside those any of those ranges.

9         At the bottom of page five.  The parties reserve

10   their rights to appeal the sentence.

11        Turning to page six.  In the middle there is a

12   section called Waiver of Trial Rights and Consequences of a

13   Guilty Plea which Your Honor has already discussed with the

14   Defendant which he indicated he understood.  The bottom of

15   page six, there's a section titled Waiver of Statute of

16   Limitations in which the Defendant understands that should

17   the conviction, following his guilty plea, be vacated for any

18   reason, then any prosecution that's not time-barred as of

19   today could be reinstated against the Defendant.

20        The top of page seven.  The Defendant acknowledges

21   that he is entering into this agreement and pleading guilty

22   freely and voluntarily because he's guilty, without promises

23   of any kind other than what's contained in Plea Agreement,

24   and without threats, force, intimidation or coercion of any

25   kind.

1          In the middle of page seven, the Defendant

2    acknowledges that this Plea Agreement is limited just to the

3    U.S. Attorney's Office for the District of Connecticut and

4    himself and does not bind any other federal, state, or local

5    authority.

6          The bottom of page seven describes the collateral

7    consequences that the Defendant will face as a result of his

8    conviction which Your Honor has already discussed with him.

9          Page eight.  The Defendant acknowledges that he will

10   be subject to federal and state sex offender registration

11   requirements and, that as a condition of his supervised

12   release, he will have to initially register with the State

13   Sex Offender Registration in Connecticut.

14          Bottom of page eight.  The parties agree that his

15   guilty plea, if accepted by the Court, will satisfy his

16   federal criminal liability in the District of Connecticut as

17   a result of his participation in the conduct which forms the

18   basis of the indictment, and that after sentencing the

19   Government will move to dismiss Count Two of the Indictment

20   because the conduct will have been taken into account in

21   determining an appropriate sentence.

22          Page nine contains spaces for the parties to sign

23   the agreement.

24          Page 10 contains a Stipulation of Offense Conduct

25   that was referred to earlier.

1       Page 11 contains the rider concerning restitution

2  that was referenced earlier.

3       And pages 12 and 13 contain the additional

4  conditions of supervised release that was mentioned earlier

5  which the Defendant does not object to.

6       THE COURT:  All right.  Thank you, Attorney Patel.

7       So, Mr. Eastman, does the summary provided by

8  Mr. Patel of the Plea Agreement reflect fully and accurately

9  your understanding of the agreement you've entered into with

10  the Government?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  And other than the promises contained in

13  the written agreement, has anyone made any other promises or

14  statements to you that have caused you to plead guilty?

15       THE DEFENDANT:  No, sir.

16       THE COURT:  Has anyone made any threats against you

17  to get you to plead guilty?

18       THE DEFENDANT:  No.

19       THE COURT:  Is anyone forcing you or intimidating

20  you into pleading guilty?

21       THE DEFENDANT:  No.

22       THE COURT:  Are you pleading guilty today of your

23  own free will and because you are, in fact, guilty?

24       THE DEFENDANT:  Yes, Your Honor.

25       THE COURT:  Has anyone made any promises to you as

1    to what your sentence will be?

2              THE DEFENDANT:  No.

3              THE COURT:  It's important for you to understand

4    that no one, including me, who has the responsibility to

5    sentence you, knows today what your sentence will be.  In my

6    case, the reason that I don't know today will become apparent

7    in a moment when I describe the sentencing process.

8              I will hand the agreement to the Clerk for filing.

9              So, Mr. Eastman, now I'm going to talk to you about

10   the maximum and minimum penalties that apply to Count One to

11   which you propose to plead guilty, and then I'm going to talk

12   to you about the sentencing process.

13             Mr. Patel has already summarized the penalties and

14   they are set forth in details on page two of the Plea

15   Agreement but just briefly.

16             If you plead guilty to Count One, I could sentence

17   you to imprisonment for as much as life, that would be the

18   maximum, and I'm required to sentence you to a minimum of 10

19   years, which means that even if I think that you don't

20   deserve 10 years, my hands would be tied.  I would have to

21   impose at least 10 years imprisonment.

22             In addition and similarly, the term of supervised

23   release that's applicable here is -- allows me to sentence

24   you to a term of supervised release of as much as life.  And

25   there's also a minimum term of supervised release of 5 years.

1      If you were to violate any condition of supervised release, I

2      could sentence you to additional time in prison for as much

3      as 5 years.  If the violation involved another sex related

4      offense, in particular, the provisions that are listed in the

5      Plea Agreement, then I would be required to sentence you to a

6      term of imprisonment on a finding of a violation of no less

7      than 5 years of imprisonment.

8              With respect to Count One, I could impose a fine of

9      as much as $250,000 or, if the offense involved a gain or a

10     loss that was substantial, I could impose twice the gross

11     gain or twice the gross loss, whichever amount results in the

12     highest dollar figure.

13             Some other features of the sentence that you are

14     facing that I need to go over with you is I'm required to

15     impose what's called a special assessment which is $100 here.

16             Restitution in this case is mandatory.  And so

17     whatever -- the Government has the burden of proving the

18     amount of restitution, but apart from that, I am required to

19     impose restitution in this case.

20             Because of the type of offense involved here, you

21     would not be eligible for probation.

22             As I said, I'm required to order restitution.

23             I also may order you to forfeit any property that

24     was involved in the offense that was derived from the

25     offense.  Here I note that there is an agreement concerning

1   forfeiture of a computer, and that forfeiture would be part

2   of the judgment in this case.

3          There's no parole in the federal prison system.  So

4   if you're sentenced to prison, which you would be for this

5   offense, you will not be released on parole.

6          Finally, your sentence could be -- not finally, but

7   your sentence could be increased up to the statutory maximum

8   for a variety of reasons.  For example, if it's determined

9   that you have a more serious criminal history than the

10  parties currently understand to be the case or that you

11  committed this offense while you were on parole or probation

12  or under some other Court sentence or, that you engaged in

13  other offenses or other criminal conduct during or related to

14  the commission of this offense, and any of those things was

15  brought to my attention, I could decide to increase your

16  sentence because of them.  And if I did that, you would not

17  be allowed to withdraw your guilty plea.

18         In addition, as we discussed, this type of offense

19  would require you to register under the Sex Offender

20  Registration Notification Act.

21         I now want to talk to you about the sentencing

22  process.  Before sentencing, you, your lawyer, and the

23  prosecutor will receive what's called the Presentence

24  Investigation Report.  That report is prepared by the United

25  States Probation Office and it helps me to determine the

1     appropriate sentence for you.  The report will recommend a

2     sentencing range based on the United States Sentencing

3     Guidelines and the Policy Statements in the Guidelines.  You,

4     your lawyer, and the prosecutor will all have an opportunity

5     to object to the Presentence Report.  The report will also

6     consider whether any downward or upward departures from the

7     suggested sentencing range are warranted and your lawyer, as

8     well as the prosecutor, will be able to argue for or against

9     departures whether or not they're mentioned in the report.

10            It's important with regard to the Sentencing

11    Guidelines, it's important for you to understand that I have

12    to consider the Sentencing Guidelines and the Policy

13    Statements in the Guidelines in deciding on your sentence.

14    But I'm not bound by the guidelines.  Also, if there are

15    factual disputes about matters related to your sentence,

16    including objections to particular applications of the

17    Guidelines, it's important for you to understand how those

18    disputes will be resolved.  Once you plead guilty, there's no

19    more jury.  I become the finder of fact.  And with regard to

20    factual disputes concerning the sentence, I will resolve

21    those disputes based on an evidentiary standard which is

22    called preponderance of the evidence.  And that is a lower

23    standard than the beyond a reasonable doubt standard that

24    would apply if the case went to trial.

25            After I've considered the factual matters concerning

 1   your sentence and decided whether any departures from the

 2   Guidelines range are appropriate, I'll indicate what I think

 3   is the appropriate sentencing range for you under the

 4   Sentencing Guidelines.  I will consider that range but, as I

 5   said, I'm not bound by it and I'll impose a sentence based on

 6   consideration not only of the Guidelines, but also of the

 7   factors that are listed in the federal law that governs

 8   sentencing for these purposes which is Title 18, United

 9   States Code, Section 3553(a).  At the end of the day, I could

10   give you a sentence that falls within the Guidelines range or

11   outside the Guidelines range.  Either way, you will have no

12   right to withdraw your guilty plea.

13           A few additional points about the sentencing

14   process.  First, until the Presentence Report is prepared and

15   you, your lawyer, and the prosecutor all have had an

16   opportunity to comment on it, and I have ruled on any

17   disputed issues, you cannot know with certainly what the

18   Guidelines range will be, whether there will be grounds for

19   departure and, most importantly, what your sentence will be.

20   Second, even if your lawyer and the Government -- and the

21   prosecutor were to agree on any issue concerning your

22   sentence or the Guidelines range, and it doesn't appear that

23   there's much of an agreement right now, but if they were to

24   agree, for example, at the sentencing proceeding, I would not

25   be bound by that agreement.  If I do not accept any

1    agreements between you and the Government, you will still be

2    bound by your guilty plea.  You will have no right to

3    withdraw that plea and I could impose a sentence that's more

4    severe than the one that you might expect.

5              So I've been talking for a while now.  Do you

6    understand what I said about the maximum and minimum

7    penalties that apply in this case?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  You understand what I said about the

10   terms of supervised release to which you could be exposed

11   here?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  And the terms of imprisonment that the

14   Court would be required to in certain cases or could impose

15   if you were to violate a condition of supervised release?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  And do you understand what I've said

18   about the mandatory minimums here?

19             THE DEFENDANT:  Yes.

20             THE COURT:  And you understand what I've said about

21   the sentencing process?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand what I said about the

24   Sentencing Guidelines, my obligation to consider the

25   Guidelines range and possible departures from the range?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And do you understand also what I said

3     about my obligation to consider the other sentencing factors

4     listed in Section 3553(a)?

5          THE DEFENDANT:  Yes.  Yes, Your Honor.

6          THE COURT:  Do you have any questions for me or for

7     your lawyer at this time?

8          THE DEFENDANT:  No.  No questions.

9          THE COURT:  Let me ask Attorney Buckley.  Have you

10    gone over with your client the maximum penalties, the

11    operation of the Guidelines, and the statutory factors the

12    Court has to take into account at sentencing?

13         MS. BUCKLEY:  I have, Your Honor.

14         THE COURT:  All right.  And from your perspective,

15    does he understand that if he's not successful in appealing

16    the denial of the Motion to Suppress that that's going to be

17    it, there's not going to be any further proceedings in the

18    case, the sentence, unless you're able to successfully appeal

19    the sentence, the sentence will stand?  Have you discussed

20    that with him?

21         MS. BUCKLEY:  I have, Your Honor.  And he does

22    understand that.

23         THE COURT:  Have you told him that he will not be

24    able to withdraw his guilty plea if I do not follow any

25    recommendation you might make to me or any estimate you might

1   have given to him concerning the sentence?

2           MS. BUCKLEY:  Yes, Your Honor.

3           THE COURT:  And you've discussed with him the

4   statutory factors the Court has to take into account at

5   sentencing?

6           MS. BUCKLEY:  Yes, Your Honor.

7           THE COURT:  Thank you.

8           Mr. Eastman, we've now reached the part of the

9   proceeding where we're going to be talking about the crime.

10  We're going to do this as follows:

11          I'm going to ask Mr. Patel to identify the elements

12  of Count One, and the elements are the critical facts the

13  Government would have to prove to a jury if the case were to

14  go to trial.

15          And then I'm going to ask him to describe how the

16  Government would prove that at a trial, what evidence the

17  Government would introduce.  And, in particular, what are the

18  facts that make you, in the Government's estimation, guilty

19  of this offense.

20          When he's done, I'm going to turn to you.  I'm going

21  to ask you some questions about what it is that you did or

22  did not do to determine whether, in my view, the facts

23  support your guilt.

24          Now, before we proceed to this stage, do you have

25  any questions for me or do you need to speak privately with

1    your lawyer?

2              THE DEFENDANT:  No.  No, Your Honor.

3              THE COURT:  Attorney Patel.

4              MR. PATEL:  Thank you, Your Honor.

5              Your Honor, at trial the Government would have to

6    prove the following elements to find the Defendant guilty.

7              First -- and they're listed on the bottom of page

8    one, top of page two, of the Plea Agreement.

9              (1)  The Defendant knowingly used a facility or

10   means of interstate or foreign commerce to persuade, induce,

11   entice or coerce an individual under the age of 18 to engage

12   in sexual activity.

13             (2)  The Defendant believed that such individual

14   was less than 18 years of age.

15             (3)  The Defendant could have been charged with a

16   criminal offense based on such sexual activity.

17             If this case were to go to trial, the Government

18   would call witnesses, including federal and state law

19   enforcement officers, as well as other witnesses,

20   including --

21             THE COURT:  I'm sorry to interrupt, Mr. Patel.  I

22   just want to check on the elements.

23             So you heard what Mr. Patel said about the elements

24   of this crime?

25             THE DEFENDANT:  Yeah.

1          THE COURT:  Do you think that you understand those

2     elements?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you have any questions for me or for

5     your lawyer about the elements of the offense?

6          THE DEFENDANT:   No.  No, sir.

7          THE COURT:  Go ahead, Mr. Patel.

8          MR. PATEL:  Thank you, Your Honor.

9          Again, the Government would introduce witnesses,

10    including federal and state law enforcement witnesses, as

11    well as other civilian witnesses, including some of the

12    minors with whom the Defendant is alleged to have

13    communicated with via Skype.

14          The Government would also introduce statements that

15    the Defendant allegedly made to law enforcement officers.  In

16    addition, the Government would introduce evidence recovered

17    from the computer that the Defendant was using, including

18    Skype chats, pictures of minors, his internet browsing

19    history, as well as records provided by third parties, such

20    as Comcast cable, FaceBook, Google, MicroSoft, Skype, Yahoo.

21    The Government would also introduce evidence recovered from

22    the computers used by some of the minors with whom the

23    Defendant was allegedly communicating with.  And together,

24    the evidence would show, among other things, that on

25    approximately November 6, 2012, while the Defendant was in

1    Connecticut, he used Skype to communicate with a girl in the

2    State of Washington who he believed to be 16 years old, and

3    the Defendant used the screen name Justin.Bieber727 at the

4    time.  During the conversation, the female's webcam was

5    turned on and the Defendant could see her.  The Defendant

6    asked the female to pull her underwear down and pose in a

7    lascivious maner so that he could see her exposed genitalia,

8    and the female complied.  And the Defendant used a function

9    on his computer to save a still image of the minor female

10   displaying her exposed genitals in a lascivious manner.

11          And the Government would also show that this offense

12   conduct could have been charged as a violation of another

13   federal statute, specifically, 18 United States Code, Section

14   2251.

15          THE COURT:  Which is what?

16          MR. PATEL:  It's abusing, persuading, inducing,

17   enticing, or coercing a minor to engage in sexually explicit

18   conduct for the purpose of producing a visual depiction of

19   that conduct.

20          THE COURT:  And that satisfies 2422(b) because what

21   that statute says is sexual activity for which any person,

22   which would include the Defendant, or the person depicted,

23   any person, can be charged with a criminal offense.

24          MR. PATEL:  Right.  It doesn't have to be the person

25   you're persuading or the Defendant, it could be either of

1   them.

2           THE COURT:  Attorney Buckley, you agree that the

3   statement of the elements in the Plea Agreement is accurate?

4           MS. BUCKLEY:  I do, Your Honor.

5           THE COURT:  Mr. Eastman, I have a couple of

6   questions for you.

7           In November 2012, you were living in Waterbury, am I

8   right?

9           THE DEFENDANT:  Yes.  Yes, sir.

10          THE COURT:  And at the time you were living in a

11  apartment with your mother, if I'm not mistaken?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  And around that time you had a computer

14  in your bedroom, an HP computer?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And Skype was installed on the computer?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  All right.  And is it true that on

19  November 6, 2012, or thereabouts, you used Skype on that

20  computer to communicate with a 16 year old female?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  It says in Washington.  Was that in

23  Washington state or in Washington, D.C., if you know?

24          THE DEFENDANT:  I didn't know until this all

25  happened.  I didn't know where the person was from.

1          THE COURT:  Do you know now?

2          THE DEFENDANT:  Yeah, now I know.

3          THE COURT:  Which one was it, Washington state or

4   Washington, D.C.?

5          THE DEFENDANT:  It's Seattle, Washington.

6          THE COURT:  Seattle, Washington?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And so this person was, you've come to

9   learn, was in Seattle, Washington, while you were in

10   Connecticut, is that true?

11          THE DEFENDANT:  While I've been incarcerated I found

12   out.

13          THE COURT:  I understand that.  Let me ask the

14   question again.

15          Based on what you know now --

16          THE DEFENDANT:  Yes.

17          THE COURT:  -- at the time that you were

18   communicating with this person on Skype, you were physically

19   in Connecticut and she was physically in Seattle, Washington?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And you were using a screen name that

22   used -- that was Justin Bieber or something like that, is

23   that right?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  And at the time this was a situation

1    where this female's camera associated with her computer,

2    which is called a webcam, was activated, is that true?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  And you had some conversation with her

5    over Skype at the time, is that true?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  And, in particular, you asked her to

8    pull down here underwear and pose so that you could see her

9    genitals, is that true?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And she did that?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  And you used a function on Skype to

14   essentially take a picture of her while she was doing that,

15   is that true?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  And you saved that on your computer?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  You understood at the time that she was

20   less than 18 years old?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  No one forced you to do this, is that

23   true?

24             THE DEFENDANT:  No, Your Honor.

25             THE COURT:  Let me try it again.  Is it true that

 1   you did this voluntarily?

 2          THE DEFENDANT:  Yes, Your Honor.

 3          THE COURT:  And no one forced you to do it, is that

 4   correct?

 5          THE DEFENDANT:  Correct.

 6          THE COURT:  Would counsel have me inquire further?

 7          MR. PATEL:  No, Your Honor.

 8          THE COURT:  Mr. Eastman, if you're still willing and

 9   ready to plead guilty now is the time.  You should stand for

10   that purpose.

11          You have a right to have the charge, which is Count

12   One of the Indictment, read to you.  You can also choose to

13   waive a reading of the charge.  Do you wish to waive a

14   reading of the charge?

15          THE DEFENDANT:  Yes.

16          THE COURT:  I'm going to ask the Clerk to put you to

17   plea as to Count One of the Indictment, charging a violation

18   of Title 18, United States Code, Section 2422(b).

19          THE CLERK:  In the case of United States of America

20   versus John Eastman, criminal number 3:16CR6(MPS), as to

21   Count One of the Indictment charging you with violation of

22   Title 18, United States Code, Section --

23          THE COURT:  I apologize.  Start again.  I guess I'm

24   no longer in a position to fine lawyers when that happens.

25   So let me ask the Clerk of the Court to put you to plea.

1          THE CLERK:  In the case of United States of America

2    versus John Eastman, criminal number 3:16CR6(MPS), as to

3    Count One of the Indictment charging you with violation of

4    the Title 18, United States Code, Section 2422(b), how do you

5    plea?

6          THE DEFENDANT:  Guilty.

7          THE CLERK:  Your Honor, the Defendant has pled

8    guilty to Count One of the Indictment.

9          THE COURT:  Does any either counsel know of any

10    reason I should not accept Mr. Eastman's guilty plea?

11          MR. PATEL:  No, Your Honor.

12          MS. BUCKLEY:  No, Your Honor.

13          THE COURT:  On the basis of the answers to the

14    questions of the Court given by the Defendant while under

15    oath, while on the record, while in open court, and while in

16    the presence of his counsel, on the basis of the remarks of

17    defense counsel and the remarks of the Assistant United

18    States Attorney, I find as follows:

19          (1)  That the Defendant is fully competent and

20    capable of entering an informed plea.

21          (2)  That he understands the nature the charge to

22    which he's pled guilty.

23          (3)  That he understands his rights.

24          (4)  That he understands the possible consequences

25    of his guilty plea.

1          (5)  That he's chosen to plead guilty because he is,

2   in fact, guilty of the offense charged.

3          (6)  That the plea of guilty is a knowing and

4   voluntary plea supported by an independent basis in fact

5   containing each of the essential elements of the offense.

6           The Defendant's plea is accepted and he is adjudged

7   guilty of the offense to which he's pleaded guilty.  A

8   finding of guilt will enter and the case is referred to the

9   Probation Office for a Presentence Investigation.

10          You could be seated.

11          Mr. Eastman, the next thing of significance that

12   will happen in the case is that the United States Probation

13   Officer will sit down with you to interview you.  And that's

14   for the purpose of preparing that Presentence Investigation

15   Report that I discussed earlier.  As I said, the report will

16   be submitted to me to assist in determining an appropriate

17   sentence.  When you meet with the probation officer, keep in

18   mind that the probation officer works for the Court and not

19   for the prosecutor.  So, generally speaking, your cooperation

20   with the probation officer will benefit you.  However, it's

21   very important that you discuss carefully with Attorney

22   Buckley what you say to the probation officer, because the

23   Presentence Report is very important in the calculation of

24   your Guidelines and in consideration of your sentence.

25          Please read the Presentence Report when it becomes

1    available and review it with your lawyer.  I'm going to ask

2    you at sentencing if you've read it, if you've understood it,

3    and if you've given any response you have to it to the

4    probation officer or to your lawyer.

5            Sentencing is set for May 25, 2017, at 10:00.

6            The draft Presentence Report must be disclosed to

7    the Defendant, counsel for the Defendant, and the Government

8    by April 27th.  Objections from counsel are due by May 7th.

9    The final Presentence Report is required to be disclosed by

10   May -- you know what, we're going to set the sentencing

11   schedule.  I'm going to go back in Chambers and take a look

12   and we'll issue an order later today.  I may have -- scratch

13   what I said about the sentencing schedule.  We'll issue an

14   order later today.  If there's a problem with it counsel

15   should file a motion.

16           Is there anything else we should take up today?

17           MR. PATEL:  I don't believe so, Your Honor.

18           MS. BUCKLEY:  Nothing, Your Honor.

19           THE COURT:  Very well.  We'll be in recess.

20           Thank you.

21           (Concluded.)

22

23

24

25

1                    C E R T I F I C A T E

2

3           I, Martha C. Marshall, RMR, CRR, hereby certify that

4    the foregoing pages are a complete and accurate transcription

5    of my original stenotype notes taken in the matter of UNITED

6    STATES V. JOHN EASTMAN, which was held before the Honorable

7    Michael P. Shea, U.S.D.J, at 450 Main Street, Hartford,

8    Connecticut, on March 2, 2017.

9

10

11

12                                    _/s/Martha C. Marshall_____
                                      Martha C. Marshall, RMR,CRR
13                                    Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25