# EXHIBIT A



**Interpol Washington,**  
**United States**

NCIS Norway

| | | |
|---|---|---|
| Your reference: | Our reference: | Location, date |
| | 4091/16-IP (13978703) | Oslo, 5 July 2017 |

## RE. THE CRIMINAL PROSECUTION OF JOHN EASTMAN – VICTIM'S CLAIM FOR COMPENSATION FOR NON-PECUNIARY DAMAGES

Reference is made to the case documents forwarded on 21 June 2017 in the criminal case against the US national John Eastman.

In connection with this case, please find attached a claim for compensation for non-pecuniary damages from the Norwegian national ███████████, born ███ 2000 (national ID no. suffix: ███).

We are sending the claim electronically, but please let us know if you would like us to forward the original paper document as well.

Yours sincerely

Terje Bjøranger  
*Police Prosecutor*

NCIS/

Postal address: P.O. Box 8163 Dep., 0034 Oslo, Norway   Telephone: (+47) 23 20 80 00   Org. no.: 974 760 827
Street address: Brynsalléen 6, 0667 Oslo, Norway   Fax: +47 23 20 88 80
www.politi.no/kripos   E-mail: kripos@politiet.no

**SØRLANDS ADVOKATENE**

Advokat Robert Dyrnes Hovland
Advokat John Atle Bentsen
Advokat Arvid Kjærvik
Advokat Jarle Rudi
Advokat Hege Aarli Klem
Advokat Susanne Moe
Advokat Knut Henning Larsen(H)
Advokat Tone Skranefjell

I kontorfellesskap:
Advokat Sverre Nordmo
Advokat Tore Oydne
Advokat Kristine Eide
Advokat Hilde Ulland
Advokat Per Ove Tønnessen

(H): Møterett for Høyesterett

Agder Politidistrikt
Postboks 514, Lundsiden
4605 Kristiansand

Mottatt
12 JUN 2017
Agder politidistrikt

Att: politioverbetjent Øivind Lindland

Kristiansand, 8. juni 2017

## Krav om oppreisningserstatning - anm 13978703

Jeg bistår fornærmede ▇▇▇▇▇▇▇▇▇▇▇ i ovennevnte straffesak.

Fornærmede ble innkalt til avhør ved Agder politidistrikt 16. mai 2017, etter anmodning fra amerikansk politi. Bakgrunnen for avhøret var at politiet i USA hadde pågrepet en mann i 2013, med opplyst navn John Eastman. Han er fortsatt fengslet. Siktede har etter det opplyste opprettet kontakt med mindreårige jenter på nettet, og utgitt seg for å være medlem av en kjent popgruppe. Gjennom denne kontakten har han fått jentene til å vise seg nakne og/eller fått dem til å gjøre seksuelle handlinger. Siktede har lagret bilder/filmer av jentene på sitt datautstyr. Det var via funn på hans datamaskin at etterforskningen avdekket at fornærmede hadde vært i kontakt med siktede.

Fornærmede og venninnen ▇▇▇▇▇▇▇▇▇▇▇ kom i kontakt med siktede via Skype august 2012. Han utga seg for å være Harry Styles fra One Direction. Fornærmede og venninnen var da 12 år gamle, og fan av den kjente popgruppen. Siktede overtalte jentene først til å kle av seg genseren og buksen. Deretter presset han dem til å kle av seg alt undertøyet til de var nakne. Dette ved å true dem med at han ellers ville sende bildene til foreldrene deres eller spre bildene på nettet. Siktede presset jentene til å posere i forskjellige stillinger, samt til å stå på alle fire med rompa til kamera og til å spre bena, slik at han kunne se kjønnsorganet til jentene bakfra. I tillegg skrev han at han skulle ronke mens han så de nakne, og viste jentene pornofilmer der nakne menn mastuberte, og der voksne hadde samleie. Dette pågikk daglig i ca. 3 måneder.

Fornærmede har ikke våget å fortelle om overgrepene til sine foreldre før hun ble innkalt til politiavhør. Heller ikke i politiavhør våget hun innledningsvis å fortelle om overgrepene. Det var først da hun ble fortalt at venninnen hadde fortalt hva de hadde vært utsatt for, at hun bekreftet historien og fortalte om overgrepene til politiet.

Fornærmede har som følge av overgrepene vært svært redd og bekymret for konsekvensene av at siktede har bilder/filmer av henne. Hun vet ikke hva eller hvor mye han har, men legger til grunn at

Telefon 38 05 64 13 Mobil 92 41 02 13 skranefjell@sorlandsadvokatene.no
Besøksadresse: Østre Strandgate 29, Kristiansand. Postadresse: Postboks 281, 4663 Kristiansand
Telefaks: 38 05 86 01. Org.nr. 885 722 512MVA. Web: www.sorlandsadvokatene.no

det er mye siden det pågikk daglig i flere måneder. Hun har i perioder vært stresset og tenker på overgrepene ofte. Hun har hatt søvnvansker og konsentrasjonsvansker, samt periodevis isolert seg på skolen. På ungdomsskolen slet hun psykisk, og måtte få hjelp ved bl.a. PPT. Det har vært svært belastende for fornærmede at saken nå er blitt en politisak med avhør og alt det som dette medfører. Fornærmede har kontaktet sin fastlege, ███████████████████████ for informasjon og veiledning.

På vegne av ███████████████ fremsettes herved krav om oppreisningserstatning oppad begrenset til kr. 75.000, jf. skadeerstatningsloven § 3-5, 1. ledd bokstav b, jf. § 3-3. Det bes om at kravet oversendes rette myndigheter, og tas med i straffesaken, jf. straffeprosessloven § 3.

Fra rettspraksis vises det til Eidsivating lagmannsretts dom av 23. januar 2017 (LE-2016-99126), som er ankebehandlingen av Gjøvik tingretts dom av 19. mai 2016 (TGJOV-2015-164934). Her ble en 50 år gammel mann dømt for seksuelle overgrep mot til sammen 108 barn. Tre av barna traff han i virkeligheten, mens de øvrige ble forledet over internett til å vise seg nakne og/eller utføre seksuelle handlinger med seg selv eller andre barn, alt mens han filmet. Det ble gitt oppreisningserstatning til 103 av barna med mellom kr. 15.000 og kr. 250.000,- til hver. Tingsrettsdommen, som omhandler oppreisningserstatningen til de fleste fornærmede, er på hele 104 sider og vedlegges derfor ikke her. En tillater seg å vise til dommens side 30 under punkt 7 der det uttales generelt om de fornærmedes belastning i slike saker. På side 46 er overgrepene for N022, f. 1996 – post V i) og VI q) og N023, f. 1996 – post V j) og VI r) omhandlet. Saken er sammenlignbar til vår sak. Domfelte hadde utgitt seg for å være en annen person, samt presset de fornærmede på 11/12 år til å kle av seg og vise sine nakne kjønnsorgan foran webkamera mens han filmet. N022 ble tilkjent kr. 75.000,- i oppreisningserstatning fordi det var tale om flere filmopptak. N023 ble tilkjent oppreisningserstatning med kr. 50.000,-, fordi hun bare var knyttet til saken ved en anledning. I vår sak er fornærmede utsatt for overgrep gjentatte ganger i en periode på ca. 3 måneder.

En ber om å bli holdt løpende underrettet om videre saksgang, påtaleavgjørelse og eventuell domsavgjørelse.

Med vennlig hilsen

*[signature]*

Tone Skranefjell
advokat

Kopi: ███████████████████████



| | |
|---|---|
| **CASE NUMBER:** | HC07QS14HC0010 |
| **WRA NUMBER:** | WRA1039-18 |
| **PRODUCT TYPE:** | PDF DOCUMENT |
| **FILE NAME:** | Victim Compensation Request.pdf |
| **FILE PAGE NUMBER:** | 3 |
| **SOURCE LANGUAGE:** | NORWEGIAN |
| **TARGET LANGUAGE:** | ENGLISH |
| **COMPLETED BY:** | LEIDOS, INC. — TERESA LOWEN |
| **DATE COMPLETED:** | 11/22/2017 |

**LANGUAGE SPECIALIST NOTES:**

Brackets are used around text for four purposes:

1) Brackets are used around text that is not spelled out to the same specificity in the original text, but by the convention of the original language is assumed to be understood.  By convention of the English language these understood texts need to be spelled out for the sentence make sense.  Similarly, brackets are used around the word [Norway] to clarify that the location mentioned is in Norway (which is assumed in the original Norwegian text).

2) In the case of proper nouns (names, addresses, towns, links, etc.), Norwegian proper nouns and names are left in their original spelling.  Brackets are used around transliterated and translated names and proper nouns.  In general, names are only transliterated once the first time they appear.  After that they appear only in their original form, using the Norwegian alphabet. The Norwegian alphabet consists of Latin letters plus three additional letters:  æ (transliterated as "ae"), ø (transliterated as "oe"), and å (transliterated as "aa").  In a few minor places on the first page of this translation, which is written in English in the original document, Norwegian words or proper nouns are translated or transliterated in brackets.  Also on this first page, the American form for dates is included in brackets for clarity.

**CASE# HC07QS14HC0010         LEIDOS      File: VictimCompensationRequest.pdf**



3) Brackets are used around text that spells out abbreviations.  In general, abbreviations are only spelled out the first time they appear in the translation.

4) Brackets are used around exegesis.  For example:  [Stamped:]  or  [Highlighted:]

Underlined font, colored font, italicized font, and bold font are used exactly as they are used in the original Norwegian text.

A Norwegian personal identification number (knows as a birth number) contains a person's date of birth.  So in this case, the first part of the victim's ID number (███████ ██████) shows that she was born on ████████ 2000.  The suffix (██████) combines with the first part (the birth date) to provide her with a unique ID number.

In Norwegian sometimes the style of official correspondence is to have most things written in the present tense.  This translation translates the meaning verbatim (not word for word), and sometimes what is technically written in the present tense in Norwegian is translated into English in the past tense in order for it to make sense in context.

Abbreviations:

| | |
|---|---|
| USA | United States of America |
| Re. | Regarding |
| IP | Internet Protocol - (Or as in the case of "Our reference – 4091/16-IP (13978703)", it is not clear what the abbreviation means in this context) |
| etc. | Et cetera |
| NCIS | (Norwegian) National Criminal Investigation Service |
| ID | Identification |
| US | United States |
| no. | Number |
| P.O. | Post Office |
| Dep., | Department |
| Org. | Organization |
| Org. nr. | Organization number |
| PPT | School Psychology Service |
| § | Section |
| jf. | Same as "cf." in English. "Consult" or "Compare" |
| cf. | "Consult" or "Compare" |
| MVA | Value added tax |
| .no | Internet country code for Norway |
| cc. | Carbon copy |

**CASE# HC07QS14HC0010         LEIDOS       File: VictimCompensationRequest.pdf**





# POLITIET [THE (NORWEGIAN) POLICE]

**KRIPOS** [(Norwegian) National Criminal Investigation Service]

| | |
|---|---|
| **Interpol Washington, United States** | **NCIS** [National Criminal Investigation Service] **Norway** |

| Your reference: | Our reference:<br>4091/16-IP (13978703) | Location, date<br>Oslo, 5 July 2017 [July 5, 2017] |
|---|---|---|

**RE.** [Regarding] **THE CRIMINAL PROSECUTION OF JOHN EASTMAN – VICTIM'S CLAIM FOR COMPENSATION FOR NON-PECUNIARY DAMAGES**

Reference is made to the case documents forwarded on 21 June 2017 [June 21, 2017] in the criminal case against the US [United States] national John Eastman.

In connection with this case, please find attached a claim for compensation for non-pecuniary damages from the Norwegian national ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ born ▬▬▬ 2000 ▬▬▬▬▬▬▬ (national ID no. [identification number] suffix: ▬▬▬).

We are sending the claim electronically, but please let us know if you would like us to forward the original paper document as well.

[Handwritten signature:]

*Yours sincerely*

*Terje Bjoranger*
*Police Prosecutor*

[Terje Bjoeranger]

**NCIS/**

---

Postal address: P.O. Box 8163 Dep., 0034 Oslo, Norway           Telephone: (+47) 23 20 80 00     Org. no.: 974 760 827
       [Post Office Box 8163 Department, 0034 Oslo, Norway]                                                                       [Organization number]
Street address: Brynsalléen 6 [6 Bryn's Alley], 0667 Oslo, Norway     Fax: +47 23 20 88 80
www.politi.no/kripos                                                                            Email: kripos@politiet.no

**CASE# HC07QS14HC0010          LEIDOS          File: VictimCompensationRequest.pdf**




SOUTHERN NORWAY'S LAWYERS

-------------------------------------

Lawyer Robert Dyrnes Hovland
Lawyer John Atle Bentsen
Lawyer Arvid Kjærvik [Kjaervik]
Lawyer Jarle Rudi
Lawyer Hege Aarli Klem
Lawyer Susanne Moe
Attorney Knut Henning Larsen (H)
Lawyer Tone Skranefjell

Collaborating in the office:
Lawyer Sverre Nordmo
Lawyer Tore Øydne [Oeydne]
Lawyer Kristine Eide
Lawyer Hilde Ulland
Lawyer Per Ove Tønnessen [Toennessen]

(H): Has the right to appear before the [Norwegian] Supreme Court

Agder Police District
Postboks 514 [P.O. Box 514], Lundsiden
4605 Kristiansand [Norway]

[Stamped:] Received JUNE 12, 2017 Agder Police District

[Highlighted:]
Attention: Deputy Inspector Øivind Lindland [Oeivind Lindland]

Kristiansand [Norway], June 8, 2017

**Claim for Compensation for Non-Pecuniary Damages – Report 13978703**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, personal identification number ▬▬▬▬▬▬▬▬

I am assisting the victim ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in the above-mentioned criminal case.

The victim was summoned to an interview at Agder Police District on May 16, 2017 at the request of American police. The background for the interview was that the police in the USA had arrested a man in 2013, with the disclosed name John Eastman. He is still in imprisoned. The person charged, according to the information disclosed, established contact with under-aged girls on the Internet and passed himself off as a member of a well-known pop group. Through this contact he got girls to expose themselves naked and/or got them to perform sexual acts. The person charged saved pictures/videos of the girls on his computer equipment. It was via a discovery on his computer that the investigation revealed that the victim had been in contact with the person charged.

The victim and her girlfriend ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ came in contact with the person charged via Skype in August of 2012. He passed himself off as being Harry Styles from One Direction. The victim and her girlfriend were 12 years old then, and fans of the well-known pop group. The person charged persuaded the girls first to take off their sweaters and pants. After that he pressured them to take off all their underclothes until they were naked. This [was done] by threatening them that otherwise [if they did not do this] he would send the pictures to their parents or spread the pictures [around] on the Internet. The person charged coerced the girls to pose in different positions, and also to stand on all fours with their bottoms towards the camera and to spread their legs, such that he could see the girls' genitalia from behind. In addition he wrote that he was going to jack off while he looked at them naked, and [he] showed the girls porno films in which naked men were masturbating and where adults were having sexual intercourse. This went on daily for about three months.

The victim had not dared to tell her parents about the abuses before she was summoned in to a police interview. Nor did she dare to talk about the abuses at the beginning of the police interview. It was only first after she was told that her girlfriend had given a statement about what they had been exposed to that she confirmed the story and told the police about the abuses.

As a result of the abuses, the victim has been extremely afraid and worried about the consequences of the person charged having pictures/videos of her. She does not know what [he has] or how many he has, but it stands to reason that

**Telephone 38 05 64 13  Cell phone 92 41 02 13**  skranefjell@sorlandsadvokatene.no
**Street address:** Østre Strandgate 29 [29 East Shore Street], Kristiansand [Norway].
**Mailing address:** Postboks 281 [P.O. Box 281], 4663 Kristiansand [Norway]
**Fax:** 38 05 86 01.  Org. nr. 855 722 512MVA.  Web:  www.sorlandsadvokatene.no



Page 2 of 2                                                                                  June 8, 2017

there are many [pictures/videos] since it went on daily for several months.  She has at times been stressed and [she] thinks about the abuses often.  She has had trouble sleeping and concentrating, and also periodically [she] has isolated herself at school.  In junior high school she struggled psychologically and had to get help from, among others, the PPT [School Psychology Service].  It has been exceedingly strenuous for the victim now that the matter has become a police case with interviews and everything that this entails.  The victim has contacted her family doctor, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for information and guidance.

On behalf of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a claim for compensation for non-pecuniary damages up to 75,000 [Norwegian] kroner is hereby submitted, cf. [consult] the [Norwegian] Damages Act § [section] 3-5, first paragraph, letter b, cf. § 3-3.  It is requested that the claim be dispatched to the proper authorities and be included in the criminal case, cf. the [Norwegian] Criminal Procedure Act, § 3.

From case law, references are made to the Eidsivating Court of Appeal's Judgment on January 23, 2017 (LE-2016-99126), which was the appeal hearing of the Gjøvik [Gjoevik] District Court's Judgment on May 19, 2016 (TGJOV-2015-164934). Here [in these cases] a 50 year old man was convicted of sexual abuse against altogether 108 children.  Three of the children met him in person, while the others were lured over the Internet to expose themselves naked and/or to perform sexual acts on themselves or with other children, all the while he was video recording it all.  Compensation for non-pecuniary damages between 15,000 and 250,000 [Norwegian] kroner each was given to 103 of the children.  The District Court judgement, which deals with compensation for non-pecuniary damages for most of these victims is in its entirety 104 pages long and is therefore not attached here.  Refer to page 30 of the judgment under point 7 where it speaks in general about the victims' burdens in such cases.  On page 46 the abuses for N022 born in 1996 – items V i) and VI q) and for N023 born in 1996 – items V j) and VI r) are discussed. The case is comparable to our case.  The convicted person passed himself off as being another person and also coerced the 11 to 12 year old victims to undress and show their naked genitalia in front of the web camera while he was video recording [it].  N022 was awarded 75,000 kroner in compensation for non-pecuniary damages because there were indications of a number of video recordings.  N023 was awarded 50,000 kroner because she was only connected to the case by one occasion.  In our case, the victim was exposed to abuse repeatedly over a period of about three months.

We ask to be kept current and informed regarding further progress in the court proceedings, decisions made by the prosecution, and any sentencing decisions.

Sincerely,



Tone Skranefjell
Lawyer



cc [carbon copy]: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   Attention: Guardians, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Norway]

**CASE# HC07QS14HC0010          LEIDOS          File: VictimCompensationRequest.pdf**