UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:16-cr-006 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | November 27, 2017 |

**GOVERNMENT'S RESPONSE TO COURT'S NOTICE REGARDING
U.S.S.G. § 4B1.5 AND PRIOR CONVICTION RECORDS**

The Government respectfully submits this response to the Court's notice, dated today, requesting the Government to file "any judgment, information, or other *Shepard* approved documents concerning the defendant's conviction for illegal sexual contact under Conn. Gen. Stat. § 53-21."  ECF No. 131.

Due to the age of Mr. Eastman's prior conviction, the Government was only able to obtain the following records related to that case: (1) the Information filed with Connecticut Superior Court, which is attached as Exhibit A, and which also shows Mr. Eastman's plea and sentence; and (2) the Connecticut Superior Court's Order of Probation, which is attached as Exhibit B.

The documents indicate that Mr. Eastman was charged with and pled guilty to (1) attempted sexual assault in the fourth degree, in violation of Conn. Gen. Stat. ("C.G.S.") §§ 53a-73a and 53a-49, and (2) risk of injury to a minor, in violation of C.G.S. § 53-21(a)(2).[1]  This latter crime is also referred to as illegal sexual contact with a minor.  *See, e.g.*, *Santos v. Gonzales*, 148 F. App'x 51, 52 (2d Cir. 2005) ("petitioner pled guilty to illegal sexual contact with a victim under the age of sixteen in violation of [C.G.S.] § 53-21(a)(2)"); *State v. Lanasa*, 141 Conn. App. 685, 688 (2013)

---

[1]  The Information states that Mr. Eastman was convicted of Risk of Injury to a Minor, but both documents cite the statute as C.G.S. § 53a-21(2).  The reference to 53a-21(2) appears to be a typographical error as that statute is titled "Use of physical force in defense of property" and has no subsections.  The Government believes the correct citation should be C.G.S. § 53-21(a)(2), which prohibits risk of injury to minors.

("the defendant was charged with . . . one count of illegal sexual contact with a child in violation of § 53–21(a)(2)[.]")

The Court's notice also indicated that "[a]t sentencing tomorrow the parties should be prepared to address whether the enhancement under U.S.S.G. § 4B1.5 applies."  ECF No. 131. The Government will be prepared to address this enhancement at sentencing.  Briefly, the Government does not believe the enhancement applies in Mr. Eastman's case.

U.S.S.G. § 4B1.5 applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction[.]"  The commentary to the guideline defines "sex offense conviction" as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor," excluding child pornography offenses. U.S.S.G. § 4B1.5, Application Note 3.  In turn, 18 U.S.C. § 2426(b)(1) defines "prior sex offense conviction" as "an offense--(A) under this chapter, chapter 109A, chapter 110, or section 1591; or (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States[.]"

In determining whether a prior state conviction qualifies as a predicate offense under U.S.S.G. § 4B1.5, courts have used a categorical approach.  Although the Government has not located any Second Circuit case to address this issue, other circuit courts have held that a categorical approach must be applied in determining whether a prior conviction qualifies as a predicate offense under 4B1.5.  *See United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016); *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016), *see also United States v. Sebolt*, 554 F.

App'x 200, 207 (4th Cir. 2014) (applying modified categorical approach); *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006) (applying modified categorical approach).

Under the categorical approach, courts look to the elements of the prior offense to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute; the elements of the prior offense, not the facts, are key. *See Dahl*, 833 F.3d at 349-350. The Supreme Court has explained that sentencing courts must "'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Thus, if the state statute of conviction has the same elements as the federal crime, then the prior conviction can serve as a predicate. But if the relevant state or federal statute "sweeps more broadly than the generic crime, a conviction under that law cannot count as a[ ] . . . predicate, even if the defendant actually committed the offense in its generic form." *Id.* (emphasis added).

Here, the Connecticut state statutes under which Mr. Eastman was previously convicted are broader than any federal counterpart. With respect to the prior risk of injury charge, C.G.S. § 53-21(a)(2) prohibits sexual contact with a child under sixteen years of age. Two federal crimes covered by § 2426(b)(1) appear to penalize conduct similar to that described in the Connecticut statute. The first is 18 U.S.C. § 2244(a)(3), which prohibits sexual contact with a child who is at least 12 years old and under 16 years old, but only if the child is "at least four years younger than the [defendant]." 18 U.S.C. § 2244(a)(3) (applying 18 U.S.C. § 2243(a) to sexual contact offenses). The second is 18 U.S.C. § 2244(a)(5), which prohibits sexual contact with a minor under the age of 12. *See* 18 U.S.C. § 2244(a)(5) (applying 18 U.S.C. § 2241(c) to sexual contact offenses). The Connecticut state statute sweeps more broadly than either of these federal crimes.

For example, sexual contact between a 17-year-old and a 15-year-old, is criminalized under C.G.S. § 53-21(a)(2) but not under either federal statute.   In other words, the elements of the state statute encompass conduct broader than that of the federal statutes, and therefore, cannot serve as a predicate under U.S.S.G. § 4B1.5.

With respect to the charge of attempted sexual assault in the fourth degree, C.G.S. § 53a-73a prohibits sexual contact under several different circumstances, not all of which are based on the age of the victim.   Neither the attached information nor the order of probation indicate the subsection under which Mr. Eastman was previously convicted.   Without more information from a *Shepard* approved document indicating the subsection under which Mr. Eastman was convicted, the state statute encompasses a far wider range of conduct than any single federal statute.

Accordingly, the Government does not believe U.S.S.G. § 4B1.5 should be applied in Mr. Eastman's case.   The Government will be prepared to further address this issue at sentencing.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
_____

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Email: neeraj.patel@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Neeraj N. Patel*
Neeraj N. Patel
Assistant United States Attorney