UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:16-cr-006 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | October 17, 2018 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE
TO DEFENDANT'S MOTION FOR DISCLOSURE OF DISCOVERY**

The Government respectfully requests an extension until November 15, 2018 to file a response to defendant John Eastman's motion seeking disclosure of discovery to him in prison (ECF No. 154).  In support of this motion, the Government submits the following:

1.     On February 12, 2015, Eastman was charged by a federal criminal complaint with using an interstate facility to persuade a minor to engage in unlawful sexual activity and possession of child pornography.  (ECF No. 1).

2.     Because this case involves the sexual exploitation of minors, on April 27, 2015, the Court issued a protective order pursuant to 18 U.S.C. § 3509(d)(3) and Rule 16(d) prohibiting the defendant from keeping copies of certain discovery materials.  (ECF No. 15).  The discovery materials contain information that identifies or could be used to identify minor victims.  More specifically, the discovery in this case consists of the equivalent of thousands of pages of documents that contain the personal identifying information (including names, home addresses, dates of birth, social security numbers, online screen names, and/or email addresses) of hundreds of minors and would be impracticable to redact.  The protective order provides that while the discovery materials could be viewed by the defendant in the presence of counsel, the materials "will not be provided to the defendant and will remain at all times in the control and custody of defense counsel or those individuals directly working on the defense team (paralegals,

investigators, litigation support personnel and secretarial staff)[.]"  *Id.* The Court's protective order, which prohibits the defendant himself from keeping copies of the discovery materials, is still in force, and the defendant has not provided any reason to modify it.  *Id.*

3.      Upon entry of the protective order, the Government began providing discovery to Eastman's counsel.   As the Government conducted additional investigation and obtained additional evidence, the Government provided the materials to the defense pursuant to the terms of the protective order.

4.      On January 7, 2016, a federal grand jury returned a two-count indictment charging Eastman with the same offenses: (1) using an interstate facility to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(b), and (2) possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B).  (ECF No. 28).

5.      On January 22, 2016, the defendant filed a motion to suppress evidence (ECF No. 30), which the Court subsequently denied on August 15, 2016 (ECF No. 72).

6.      On March 2, 2017, Eastman pleaded guilty to count one of the indictment pursuant to a conditional plea agreement in which he reserved his right to appeal the district court's denial of his motion to suppress.  (ECF Nos. 100, 101, 112).  On November 28, 2017, the district court principally sentenced Eastman to 204 months of imprisonment, followed by a life term of supervised release. (ECF No. 141, 142).

7.      On December 1, 2017, the defendant filed a notice of appeal challenging the denial of Eastman's motion to suppress. (ECF No. 143).  The defendant filed his appellate brief on July 24, 2018.  The Government's responsive brief is due to the Second Circuit on October 23, 2018.

8.      Eastman is currently serving his term of incarceration at the Federal Correctional Institute in Otisville, New York.

9.     On September 10, 2018, the Court docketed a letter it received directly from Eastman (not through counsel) seeking discovery in disk form so he could work on his case. (ECF No. 153).   He claims he still has remedies he would like to work on and needs his discovery to do so.  *Id.*  The Court denied the motion the same day, noting that Eastman is represented by counsel and indicating that Eastman should address his concerns through counsel, who could take action on his behalf. (ECF No. 153).

10.     On September 27, 2018, Eastman's counsel filed the instant motion seeking an order allowing counsel to provide Eastman with a copy of *all* discovery materials on a disk which would be sent to him in prison.  (ECF No. 154).

11.     To the extent Eastman wants a copy of *all* discovery materials sent to him in prison, the Government intends to object.  Eastman has been sentenced and there is no general right to discovery after a conviction.  Rule 16, which governs discovery in criminal cases, does not entitle Eastman to a copy of all discovery at this post-conviction stage.  Rule 16 only authorizes discovery "before or during trial[,]" but not after a trial has concluded. As discussed, the discovery in this case contains personal identifying information of hundreds of minors.  Allowing Eastman to have unsupervised access to this data in prison poses a substantial risk that the information could end up in the wrong hands.  Eastman offers no explanation why the terms of the current protective order, which allow Eastman to review all discovery in the presence of his counsel, is not sufficient. *See, e.g., United States v. Griffin*, No. 3:13-CR-80-DPJ-LRA, 2014 WL 1767201, at *1 (S.D. Miss. May 2, 2014) (denying defendant's request to keep copies of discovery containing PII of other individuals); *United States v. Johnson*, 191 F. Supp. 3d 363, 374 (M.D. Pa. 2016) (finding good cause for protective order requiring defendants to review protected discovery in presence of counsel given the volume of discovery and the impracticability of redacting information).

12.     Nonetheless, the Government believes that certain discovery materials can be redacted and provided to the Eastman in prison.  As such, the Government requests additional time so that it may confer with Eastman's counsel to identify certain categories of discovery that do not need to be redacted or that can be easily redacted and provided to Eastman in prison.  After identifying such discovery materials and providing them to Eastman, the Government will notify the Court about the other categories of discovery that will be impracticable or impossible to redact so that the Court can rule on Eastman's motion as to those discovery materials.

13.     The Government requests until November 15 to confer with counsel and then respond to Eastman's motion.  An extension until November 15 is needed because Eastman's counsel is currently involved in a criminal trial before Judge Underhill in Bridgeport.  That trial will last through the week of October 22.  Immediately following that trial, the undersigned Assistant U.S. Attorney will be involved in a criminal trial before Judge Underhill that will last through November 1, 2018.

14.     Accordingly, an extension until November 15 is necessary to allow time for the parties to confer.

15.     The undersigned has contacted Eastman's counsel, who indicated he has no objection to this motion.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's request for an extension of time until November 15, 2018, to file its response to the defendant's motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*

_____

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Email: neeraj.patel@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Neeraj N. Patel
Neeraj N. Patel
Assistant United States Attorney