UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:16-cr-006 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | November 15, 2018 |

**SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE**
**RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF DISCOVERY**

The Government respectfully requests an extension until November 30, 2018 to file a response to defendant John Eastman's motion seeking disclosure of discovery to him in prison (ECF No. 154).  The Government has conferred with Eastman's counsel, who indicated he does not objection to the requested extension. In support of this motion, the Government submits the following:

1.	As set forth in the Government's prior motion for an extension (ECF No. 155), which the Court granted, Eastman pleaded guilty on March 2, 2017 to count one of the indictment charging Eastman with using an interstate facility to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(b).  He pleaded guilty pursuant to a conditional plea agreement in which he reserved his right to appeal the district court's denial of his motion to suppress.  (ECF Nos. 100, 101, 112).  On November 28, 2017, the district court principally sentenced Eastman to 204 months of imprisonment, followed by a life term of supervised release. (ECF No. 141, 142).

2.	On December 1, 2017, the defendant filed a notice of appeal challenging the denial of Eastman's motion to suppress. (ECF No. 143).  The defendant filed his appellate brief on July 24, 2018.  The Government's responsive brief was filed on October 23, 2018.  The appeal is currently pending in the Second Circuit Court of Appeals.

3. Eastman is currently serving his term of incarceration at the Federal Correctional Institute in Otisville, New York.

4. On September 10, 2018, the Court docketed a letter it received directly from Eastman (not through counsel) seeking discovery in disk form so he could work on his case. (ECF No. 153). He claims he still has remedies he would like to work on and needs his discovery to do so. *Id.* The Court denied the motion the same day, noting that Eastman is represented by counsel and indicating that Eastman should address his concerns through counsel, who could take action on his behalf. (ECF No. 153).

5. On September 27, 2018, Eastman's counsel filed the instant motion seeking an order allowing counsel to provide Eastman with a copy of *all* discovery materials on a disk which would be sent to him in prison. (ECF No. 154).

6. As the Government explained in its prior motion for an extension, to the extent Eastman wants a copy of *all* discovery materials sent to him in prison, the Government intends to object. Eastman has been sentenced and there is no general right to discovery after a conviction. *See* Fed. R. Crim. P. 16 (authorizing discovery "before or during trial[,]" but not after a trial has concluded). Moreover, the discovery in this case contains personal identifying information of hundreds of minors, and allowing Eastman to have unsupervised access to this data in prison poses a substantial risk that the information could end up in the wrong hands. In addition, the Court previously entered a protective order with respect to discovery, and Eastman offers no explanation why that protective order, which allow Eastman to review all discovery in the presence of his counsel, is not sufficient. *See, e.g., United States v. Griffin*, No. 3:13-CR-80-DPJ-LRA, 2014 WL 1767201, at *1 (S.D. Miss. May 2, 2014) (denying defendant's request to keep copies of discovery containing PII of other individuals); *United States v. Johnson*, 191 F. Supp. 3d 363, 374 (M.D. Pa.

2016) (finding good cause for protective order requiring defendants to review protected discovery in presence of counsel given the volume of discovery and the impracticability of redacting information).

7. Nonetheless, the Government has conferred with Eastman's counsel in order to accommodate Eastman's request. Based on those discussions, the Government and Eastman's counsel have agreed that the Government will send a disk to Eastman's counsel containing all previously produced discovery materials, except that the Government will redact information that can be used to identify minors (including names, home addresses, dates of birth, social security numbers, online screen names, and/or email addresses), and the Government will not include the following materials because they contain information about minors that will be impracticable or impossible to redact:

   a. video recorded interviews of the minor victims.

   b. files from the forensic examination of computers belonging to two minor victims. The files are in native format, contain personal information of the victims, and cannot be easily redacted.

   c. files from the forensic examination of Eastman's computer. The files are in native format and contain child pornography, web addresses of pornographic websites, and personal information (names, screen names, pictures, and email addresses) of hundreds of minors. These files are in native format and cannot be easily redacted.

   d. the contents of various email accounts Eastman created which contain personal information (names, screen names, and/or email addresses) of hundreds of minors. These emails are in native format and cannot be easily redacted.

8. The Government is in the process of redacting the discovery materials that it intends to provide. The Government anticipates sending a disk of materials to Eastman's counsel by Monday, November 19. Eastman's counsel will then send the disk to Eastman in prison to see if it is meets his needs. If Eastman finds it sufficient, the Government will ask the Court to deny his

motion as moot. If Eastman indicates he still wants all discovery in unredacted form sent to him in prison, the Government will file a more formal opposition to his motion.

9. Eastman's counsel agrees with this approach.

10. Accordingly, the Government requests an extension until November 30 to allow time for (1) the Government to finish redacting the materials and to send a disk of the redacted materials to Eastman's counsel, (2) Eastman's counsel to send the disk to Eastman in prison, and (3) Eastman to review the disk and inform his counsel if the materials are sufficient for his needs.

11. The undersigned has contacted Eastman's counsel, who indicated he has no objection to this motion.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's request for an extension of time until November 30, 2018, to file its response to the defendant's motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700
Email: neeraj.patel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Neeraj N. Patel*
Neeraj N. Patel
Assistant United States Attorney