UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:16-cr-006 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | November 30, 2018 |

**THIRD UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF DISCOVERY**

The Government respectfully requests a further three-week extension until December 21, 2018 to file a response to defendant John Eastman's motion seeking disclosure of discovery to him in prison (ECF No. 154).  The Government has conferred with Mr. Eastman's counsel, who indicated he does not objection to the requested extension. In support of this motion, the Government submits the following:

1.     As set forth in the Government's prior motions for an extension (ECF Nos. 155, 158), which the Court granted, Mr. Eastman pleaded guilty on March 2, 2017 to count one of the indictment charging Mr. Eastman with using an interstate facility to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(b).  On November 28, 2017, the district court principally sentenced Mr. Eastman to 204 months of imprisonment, followed by a life term of supervised release. (ECF No. 141, 142). Mr. Eastman is currently serving his term of incarceration at the Federal Correctional Institute in Otisville, New York.

2.     Mr. Eastman also has an appeal pending in the Second Circuit Court of Appeals. The appeal has been fully briefed.

3.     On September 10, 2018, the Court docketed a letter it received directly from Mr. Eastman (not through counsel) seeking discovery in disk form so he could work on his case. (ECF No. 153).  He claims he still has remedies he would like to work on and needs his discovery to do

so. *Id.* The Court denied the motion the same day, noting that Mr. Eastman is represented by counsel and indicating that Eastman should address his concerns through counsel, who could take action on his behalf. (ECF No. 153).

4.      On September 27, 2018, Mr. Eastman's counsel filed the instant motion seeking an order allowing counsel to provide Mr. Eastman with a copy of *all* discovery materials on a disk which would be sent to him in prison.  (ECF No. 154).

5.      As the Government explained in its prior motions for an extension, to the extent Mr. Eastman wants a copy of *all* discovery materials sent to him in prison, the Government intends to object. There is no general right to discovery after a conviction, the discovery in this case contains personal identifying information of hundreds of minors, and Mr. Eastman not explained why the current protective order, which allows Mr. Eastman to review all discovery in the presence of his counsel, is not sufficient.

6.      Nonetheless, the Government has conferred with Mr. Eastman's counsel in order to accommodate Mr. Eastman's request while balancing the need to protect the personal identifying information of minors and others. Since the filing of the Government's prior motion for an extension, the Government has provided a disk of the Government's discovery materials to counsel for Mr. Eastman.  The  Government redacted personal identifying information of minors and other non-law enforcement witnesses; contact information for other individuals; and website addresses for pornographic websites.  The Government also did not provide certain materials (as described in the prior motion for an extension) that contained information about minors that was impracticable or impossible to redact.

7.      Counsel for Mr. Eastman indicates he has sent the disk to staff at the Federal Correctional Institute in Otisville, New York so that Mr. Eastman can review the materials.

However, counsel for Mr. Eastman indicates that it may be a few more weeks before Mr. Eastman is able to review all of the contents and report to his counsel whether or not it meets his needs. This is because inmates only have access to computers for a limited amount of time each week, and there are a limited number of computers for the inmates.

8.       Accordingly, the Government requests a three-week extension until December 21 to allow time for Mr. Eastman to review the disk and inform his counsel if the materials are sufficient for his needs.

9.       The Government does not anticipate filing any further motions to extend the response date.  If Mr. Eastman has not responded by then or if he indicates he still wants all discovery in unredacted form in prison, the Government will file a formal opposition to his motion.

10.       The undersigned has contacted Mr. Eastman's counsel, who indicated he has no objection to this motion.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's request for an extension of time until December 21, 2018, to file its response to the defendant's motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Email: neeraj.patel@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 30, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                            */s/ Neeraj N. Patel*
                            Neeraj N. Patel
                            Assistant United States Attorney