UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:16-cr-006 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | December 21, 2018 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE
DEFENDANT"'S MOTION FOR DISCLOSURE OF DISCOVERY**

The Government respectfully submits this memorandum in opposition to defendant John Eastman's motion requesting that all discovery be sent to him in prison. ECF No. 154. He claims he needs the discovery to pursue certain unidentified remedies. ECF No. 153.

## I.     PRELIMINARY STATEMENT

Eastman pleaded guilty and was sentenced 11 months ago. There is no general right to discovery after a conviction. Nor is there a right to post-conviction discovery to conduct a fishing expedition in the hopes of finding evidence to support any post-conviction remedies. More importantly, the discovery in this case consists of pictures and videos of minors as well as the equivalent of thousands of pages of documents that contain personal identifying information of hundreds of minors. Allowing Eastman to have unsupervised access to this data in prison poses a substantial risk that the information could end up in the wrong hands.

Nonetheless, in an effort to accommodate Eastman's request while balancing the need to protect the personal identifying information of minors, the Government created a disk of redacted discovery, which Eastman's counsel provided to Eastman in prison. Still, there remains some discovery containing identifying information of minors (including names, videos and pictures, online screen names, and/or email addresses) that is impracticable or impossible to redact. The Government proposed that Carpenter continue to view these materials in the presence of counsel,

pursuant to an existing protective order. Eastman was not satisfied. He informed his counsel that the redacted materials sent to him in prison were not enough and he wants all materials sent to him in prison.

In light of this risk associated with having information about minors circulating in a prison, and given that there is no general post-conviction right to discovery, the protective order that is already in place, which allows Eastman to review all of the discovery without any restriction in the presence of his attorney, is more than sufficient to permit Eastman to assist in his appeal or pursue any post-conviction remedies. Accordingly, and as more fully explained below, Eastman's request to have a copy of all discovery sent to him in prison should be denied.

I.     **BACKGROUND**

On February 20, 2015, Eastman was arrested on a federal criminal complaint that charged him with using an interstate facility to persuade a minor to engage in unlawful sexual activity and possession of child pornography. ECF Nos. 1, 2. On January 7, 2016, a federal grand jury returned a two-count indictment charging Eastman with the same offenses: (1) using an interstate facility to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(b), and (2) possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B). ECF No. 28. On March 2, 2017, Eastman pleaded guilty to Count One of the indictment pursuant to a conditional plea agreement in which he reserved his right to appeal the district court's denial of his motion to suppress. ECF Nos. 100, 101. On November 28, 2017, the district court principally sentenced Eastman to 204 months of imprisonment, followed by a life term of supervised release. ECF Nos. 141, 142. On December 1, 2017, the defendant filed a notice of appeal with the Second Circuit Court of Appeals. ECF No. 143. The appeal has been fully briefed. Eastman is currently serving his term of incarceration at the Federal Correctional Institute in Otisville, New York.

Shortly after Eastman's arrest in February 2015, on consent of the parties, the Court entered a protective order, which provided that all discovery would remain in the custody of counsel. ECF No. 15. As set forth in the motion for protective order, the parties entered into the protective order because the discovery included materials identifying and/or depicting minors including email addresses and online screen names for various social media platforms. *See* ECF No. 13-1 at 1. Although Eastman could not keep custody of the discovery under the terms of the protective order, the order permitted Eastman to view all the discovery in the presence of counsel. ECF No. 15.

Immediately thereafter, the Government began providing discovery to Eastman's counsel. As the Government conducted additional investigation, the Government continued to produce materials it obtained to defense counsel.

In total, the discovery materials consists of pictures, videos, audio recordings, and the equivalent of thousands of pages of documents that contain identifying information of hundreds of minors. These materials include the following materials that the Government can easily redact or that do not need to be redacted ("Category 1 Materials"):

- law enforcement reports and documents;

- records provided by third parties such as subscriber information provided by various social media and email providers utilized by Eastman;

- recorded prison calls that Eastman made while in the custody of the Connecticut Department of Corrections.

The discovery also includes the following materials that are impracticable or impossible to redact ("Category 2 Materials"):

- video recorded interviews of minor victims by law enforcement;

- hundreds of files from the forensic examination of computers belonging to two minor victims. The files are in native formats and include files containing personal information of the victims, and cannot be easily redacted.

- Thousands of files from the forensic examination of Eastman's computer. The files are in native format and include files containing child pornography, web addresses of pornographic websites, and personal information (names, screen names, pictures, and email addresses) of hundreds of minors. These files are in native format and cannot be easily redacted.

- the contents of various email accounts Eastman created which contain thousands of emails with the personal information (names, screen names, and/or email addresses) of hundreds of minors. These emails are in native format and cannot be easily redacted.

On September 10, 2018, nine months after Eastman was sentenced, the Court docketed a letter it received directly from Eastman (not through counsel) seeking discovery in disk form so he could work on his case. ECF No. 153. Eastman claimed he still has remedies he would like to work on and needs his discovery to do so. *Id.* He did not indicate what remedies he was pursuing. The Court denied the motion the same day, noting that Eastman is represented by counsel and indicating that Eastman should address his concerns through counsel, who could take action on his behalf. *Id.* On September 27, 2018, Eastman's counsel filed the instant motion seeking an order allowing counsel to provide Eastman with a copy of all discovery materials on a disk which would be sent to him in prison. ECF No. 154.

With the consent of defense counsel, the Government moved to continue its deadline to respond so that the parties could attempt to work out a mutually agreeable resolution. ECF Nos. 155, 157, 159. In an effort to balance the need to protect the personal identifying information of minors and others, the Government created a disk of the Category 1 Materials in redacted format and provided it Eastman's counsel to send to Eastman in prison.

On December 11, 2018, the Government received a letter from Eastman's counsel indicating that he provided the discovery disk to Eastman, but Eastman responded indicating that the disk was not enough. He indicated that Eastman still desired all the materials the Government has in its possession.

## II.     DISCUSSION

### A.     There is no right to post-conviction discovery under the Federal Rules of Criminal Procedure.

Eastman's request to have a copy of all discovery materials sent to him in prison should be denied because there is no right to discovery under the Federal Rules of Criminal Procedure at this post-conviction stage of the case.  Eastman pleaded guilty and was sentenced over 11 months ago. Prior to his plea, the Government complied with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and provided and/or made available all discovery materials to Eastman's attorneys.  Rule 16, which governs discovery in criminal cases, does not entitle Eastman to a copy of all discovery at this post-conviction stage.  Rule 16 only authorizes discovery "before or during trial[,]" but not after a trial has concluded.  Fed. R. Crim. P. 16 (authorizing the discovery of relevant documents in criminal cases and creating a continuing duty "before or during trial."); *see United States v. Cope*, No. 99-33-ART-(1), 2016 WL 5946919, at *1 (E.D. Ky. June 8, 2016) ("[Rule 16] authorizes the discovery of relevant documents in criminal cases 'before or during trial.' [but Rule 16] does not authorize post-conviction discovery."); *United States v. Merkosky*, No. 1:02-CR-168. 2007 WL 2601390 (N.D. Ohio Sept. 10 2007) (same); *see also United States v. Prather*, No. 3:10-CR-218-D (01), 2016 WL 6893626, at *1 (N.D. Tex. Nov. 23, 2016) ("Rule 16, on which [Petitioner] relies, governs pre-trial disclosure and has no application here, where the defendant has already been tried and convicted" (quoting *United States v. McNair*, No. 1:00cr89-DCB, 2011 WL 2194015, at *1 (S.D. Miss. June 6, 2011)); *United States v. Jeffries*, No. 1:07cr56. 2010 WL 785355 (W.D.N.C. Mar. 4, 2010) ("While Rule 16 . . . creates a continuing duty on the part of the Government to disclose relevant documents, such duty exists only 'before or during trial.' Rule 16 does not create any duty on the part of the Government to engage in post-conviction discovery.").

Eastman provides no reason why he needs access to discovery at this stage, other than a vague suggestion that he needs it to pursue post-conviction remedies. He does not specify what remedies he is contemplating or how the discovery will help. Although Eastman does have an appeal pending, it has been fully briefed by counsel. Moreover, his appeal only challenges the denial of his motion to suppress. To the extent Eastman needs access to discovery to assist in his appeal, the Government notes that much of the evidence related to the suppression motion is in the Joint Appendix attached to his appellate brief, and the Government has no objection to those documents, which are already publicly available, being provided to Eastman.

The Government recognizes that limited discovery is available after a defendant files a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* Rules Governing § 2255 Proceedings in the United States District Court, Rule 6 (providing that a "judge may, for good cause, authorize a party to conduct discovery" in 2255 cases and that a "party requesting discovery must provide reasons for the request."). Significantly, however, the 2255 motion must be filed first, and then an application for discovery can be made. *See id.,* Rule 1 (the rules govern motions "filed" under 2255); *see also, Puglisi v. United States,* 586 F.3d 209, 213 (2d Cir. 2009) (stating "[t]here is no pre-motion discovery in a Section 2255 case.").

Here, Eastman has not yet filed a 2255 motion (and he does not even suggest that he is considering filing one). Thus, this limited avenue of discovery is not available to him at this time. *See, e.g., id.* Even if Eastman had filed a petition under § 2255, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Pizzuti v. United States,* 809 F. Supp. 2d 164, 175 (S.D.N.Y. 2011) (quoting *Bracy v. Gramley,* 520 U.S. 899, 904 (1997)). A petitioner must therefore meet a high standard in showing why he is entitled to discovery material. *Id.* More specifically, a petitioner must show good cause by

6

presenting specific allegations that gives the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *Bracy,* 520 U.S. at 908-09. "Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite good cause." *Pizzuti,* 809 F. Supp. 2d at 176.

Moreover, "Rule 6 [of the Rules Governing Section 2255 Proceedings] does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contained any grounds that might support his petition[.]'" *Id.* (quoting *Charles v. Artuz,* 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)); *Garafola v. United States*, 909 F. Supp. 2d 313, 335-36 (S.D.N.Y. 2012) (denying petitioner's request for discovery in support of his § 2255 because it constituted a fishing expedition). A court may therefore "deny a petitioner's request for discovery where the petitioner provides no specific evidence that the requested discovery would support its habeas corpus petition." *Pizzuti,* 809 F. Supp. 2d at 176.

Here, Eastman has not even indicated what post-trial motions he is considering. Under these circumstances, his blanket request for a copy of all discovery materials so that he can go on a fishing expedition in the hopes of finding support for any as-yet-to-be-identified post-conviction remedies should be denied.[1]

### B. The redacted discovery that was recently provided to Eastman and the protective order provide Eastman with the ability to review discovery.

Despite Eastman's lack of post-conviction discovery rights, the Government does not suggest that Eastman be prohibited from reviewing the discovery that has been provided to his counsel. Indeed, the Government has created a disk of redacted Category 1 Materials, which

---

[1] Under 18 U.S.C. § 3509(m), the Government is prohibited from providing copies of child pornography material to Eastman. These materials must remain in the custody of the Government or the Court.

7

defense counsel sent to Eastman in prison.[2] Although there are remaining discovery materials, i.e. the Category 2 Materials, that are impracticable or impossible to redact,[3] the current protective order allows Eastman to review these materials in the presence of his counsel, which the exception of child pornography, which must remain in the possession of the Government and reviewed at a Government facility.

Eastman offers no explanation why viewing discovery in the presence of his attorney is not sufficient. Presumably, Eastman would argue that his counsel is in Connecticut and he would only be able to review discovery on certain days when counsel is able to visit him in prison. However, this is not an undue burden under the circumstances. This is especially true given the confidentiality provision of 18 U.S.C. § 3509(d)(1), which requires the parties "to keep all documents that disclose the name or any other information concerning a child" confidential.

Allowing Eastman to have unsupervised access to or copies of the materials in prison would not adequately protect against the risk of disclosure of personal information about minors. Although Eastman claims the disk with the discovery would be kept in the law library, there is nothing to protect against Eastman writing the information down and passing the information on to others. Eastman provides no information about what steps the prison takes to safeguard against Eastman printing out the information. Eastman's self-serving assurances that he will not disseminate the information are simply not enough. Moreover, Eastman provides no information about what steps the prison takes to safeguard the materials to protect against others inmates or prison staff from accessing or disseminating the information.

---

[2] The Government redacted personal identifying information of minors and other non-law enforcement witnesses; contact information for other individuals; and website addresses for pornographic websites.

[3] In addition to the fact that redacting the raw data dump of native files from Eastman's computer and his email accounts is impracticable or impossible, the Government is not even certain that Eastman would be able to view these files on prison computers without the correct software.

Under these circumstances, requiring Eastman to view the discovery in the presence of his attorney is not an undue burden. *See, e.g., United States v. Griffin*, No. 3:13-CR-80-DPJ-LRA, 2014 WL 1767201, at *1 (S.D. Miss. May 2, 2014) (denying defendant's request to keep copies of discovery containing personal identifying information of other individuals); *United States v. Russell*, No. 15-CR-30005-DRH, 2015 WL 6460134, at *2 (S.D. Ill. Oct. 27, 2015) (finding that protective order provision that defendant could only review discovery materials at his attorney's office "was narrowly drawn and not overly onerous on the defendant."); *United States v. Johnson*, 191 F. Supp. 3d 363, 374 (M.D. Pa. 2016) (finding good cause for protective order requiring defendants to review protected discovery in presence of counsel given the volume of discovery and the impracticability of redacting information); *United States v. Gerard*, No. 3:16-CR-270, 2018 WL 4113351, at *3 (W.D.N.C. Aug. 29, 2018) ("Generally, it is true that a defendant generally has the right to review all discovery materials that will be used against him at trial.. . . That said, it is not improper to restrain counsel from leaving discovery materials with the [defendant] in jail to safeguard the material contained therein." (internal quotation and citation omitted)); *see also* Fed. R. Crim. P. 16(d)(1) (permitting a court to restrict discovery for good cause); *Alderman v. United States*, 394 U.S. 165, 185 (1996) (stating that a trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect.").

While having Eastman and his counsel sit together at the prison facility to view discovery may be inconvenient for them, the inconvenience is minor when compared to the substantial risk of having the information of hundreds of minors disseminated at a prison facility. This is particularly true in light of the limited discovery rights that Eastman has now that he has been

9

convicted and sentenced and the importance of keeping information about minors confidential. 18 U.S.C. § 3509(d)(1).

In short, the Government is opposed to a convicted felon like Eastman—who now has two convictions involving the sexual exploitation of minors—from having unsupervised access to the names, pictures, and contact information for hundreds of minors. The Government presumes the parents of these minors likely feel the same way.  By having the discovery maintained in the custody of Eastman's counsel, the Government and the Court can at least have some confidence that the information will be protected and counsel will implement safeguards to ensure Eastman does not copy and write down the contact information about minors.

### III. CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny defendant's motion to have a copy of all discovery sent to him in prison.

>
> Respectfully submitted,
>
> JOHN H. DURHAM
> UNITED STATES ATTORNEY
>
> */s/ Neeraj N. Patel*
>
> NEERAJ N. PATEL
> ASSISTANT UNITED STATES ATTORNEY
> Federal Bar No. phv04499
> 157 Church Street, 25th Floor
> New Haven, CT  06510
> Tel.:   (203) 821-3700
> Email: neeraj.patel@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on December 21, 2018, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      */s/ Neeraj N. Patel*
      Neeraj N. Patel
      Assistant United States Attorney