UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of March, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            DENNY CHIN,
                *Circuit Judges*,
            ERIC N. VITALIANO,[1]
                *District Judge*.
_____

UNITED STATES OF AMERICA,

                            *Appellee*,

            v.                                                              17-3893-cr

JOHN EASTMAN,

                            *Defendant-Appellant*.
_____

For Appellant:      David A. Moraghan, Smith Keefe Moraghan & Waterfall, LLC, Torrington, CT.

For Appellee:       Neeraj N. Patel, Marc H. Silverman, Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

---

[1] Judge Eric N. Vitaliano, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant John Eastman appeals from a suppression ruling and a judgment of conviction entered on November 30, 2017, in the United States District Court for the District of Connecticut (Shea, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Eastman primarily argues that the district court erred in denying his motion to suppress evidence recovered from his computer and inculpatory statements he made at his apartment and at the police station because he did not consent to the detectives' entry into his home, and thus the evidence "must be suppressed as fruit of the poisonous tree." (Appellant's Br. at 20.) We disagree.

In reviewing the denial of a suppression motion, this Court "review[s] the district court's factual findings for clear error, and its application of law to fact *de novo*." *United States v. Pabon*, 871 F.3d 164, 173 (2d Cir. 2017). When the district court's findings are based on credibility determinations, "we give particularly strong deference to a district court finding." *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008). This Court is "not allowed to second-guess the factfinder's credibility assessments, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Medunjanin*, 752 F.3d 576, 584-85 (2d Cir. 2014) (internal quotation marks and alteration omitted).

"The government has the burden of proving, by a preponderance of the evidence, that a consent to search was voluntary." *United States v. Isiofia*, 370 F.3d 226, 230-31 (2d Cir. 2004). "Voluntariness is a question of fact determined by a totality of all the circumstances." *Id.* at 231 (internal quotation marks omitted). "The ultimate question presented is whether the officer had a reasonable basis for believing there had been consent to the search." *United States v. Garcia*, 56 F.3d 418, 423 (2d Cir. 1995) (internal quotation marks and alteration omitted).

The district court credited the testimony of Detectives Morgan and Terni, reasoning in part that the signed consent to search form at the police station and Captain Fox's questioning of Eastman supported the testimony; it did not credit the testimony of Eastman's mother, who "had no personal knowledge of the entry because she was sleeping at the time," (App'x at 553); and it did not find Eastman's affidavit credible because, in part, "portions of [his] version of events . . . make little sense" and "are directly contradicted by the substantial evidence," (App'x at 545-46).

Eastman argues that he did not provide written consent nor did anyone utter the word "consent," but neither is required. *See United States v. Deutsch*, 987 F.2d 878, 883 (2d Cir. 1993). Second, he argues that even if he consented, the entry and search was unlawful because his mother held the lease for the apartment and purchased the computer. But the district court did not err in determining that Eastman had apparent authority to consent to the entry of the apartment and seizure of the computer, and he did consent. *See United States v. Davis*, 967 F.2d

84, 86-87 (2d Cir. 1992). Third, Eastman argues that his mother revoked consent when she questioned why the detectives were there. But, as explained above, the district court rejected Eastman's mother's testimony, and, regardless, questioning why the detectives were there would not satisfy the requirement that an occupant must lodge an express objection or "express refusal of consent" to overcome another occupant's consent. *Georgia v. Randolph*, 547 U.S. 103, 120 (2006). Finally, Eastman argues that the district court should not have found Detective Morgan credible because he did not seek a search warrant, he did not keep notes of the investigation, and he lied about not conducting a protective sweep after testifying that he brought along Detective Terni for safety. But "[t]here are many entirely proper reasons why police may not want to seek a search warrant" and conduct a knock and talk instead, *Kentucky v. King*, 563 U.S. 452, 466 (2011); Detective Morgan's testimony was corroborated by other credible evidence; and the district court declined to credit Eastman's mother's testimony that the detectives performed a protective sweep, where both detectives testified that it was not necessary because Eastman was calm and cooperative. Thus, the district court did not err in crediting law enforcement's testimony, refusing to credit Eastman's affidavit and his mother's testimony, and concluding that Eastman provided valid consent to the detectives' entry into his apartment and to the search and seizure of his computer.

We have considered the remainder of Eastman's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3