UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:16-cr-006 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN EASTMAN | : | June 7, 2019 |

## GOVERNMENT'S RESPONSE TO
## MOTION FOR DISCLOSURE OF DISCOVERY

The Government respectfully submits this memorandum in response to defendant John Eastman's letter to the Court, which the Court docketed on May 24, 2019, as a motion for disclosure of discovery. (ECF No. 164.) In that letter, Mr. Eastman requests that certain documents be sent to him in prison. *Id*. As explained below, the requested documents were mailed to Mr. Eastman earlier this week, on June 5, 2019. Accordingly, the Government respectfully asks the Court to deny Mr. Eastman's requests as moot.

**I.      BACKGROUND**

On January 7, 2016, a federal grand jury returned a two-count indictment charging Mr. Eastman with (1) using an interstate facility to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(b), and (2) possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B). (ECF No. 28.)  On March 2, 2017, Mr. Eastman pleaded guilty to Count One of the indictment pursuant to a conditional plea agreement in which he reserved his right to appeal the district court's denial of his motion to suppress. (ECF Nos. 100, 101.)  On November 28, 2017, the district court principally sentenced Mr. Eastman to 204 months of imprisonment, followed by a life term of supervised release. (ECF Nos. 141, 142.)

Mr. Eastman subsequently filed a timely notice of appeal with the United States Court of Appeals for the Second Circuit Court. (ECF No. 143.)  On March 29, 2019, the Court of Appeals

issued a summary order finding Mr. Eastman's appeal to be without merit and affirming the judgment of conviction. (ECF No. 162.) Mr. Eastman is currently serving his term of incarceration at the Federal Correctional Institute in Otisville, New York.

Prior to the Court of Appeals' decision, on December 28, 2018, Mr. Eastman's counsel filed a motion for disclosure of discovery in which he sought an order allowing counsel to provide Mr. Eastman with a copy of *all* discovery materials on a disk that would be sent to him in prison. (ECF No. 154.) The Government opposed that blanket request for *all* discovery material arguing (1) there was no right to post-conviction discovery, and (2) the discovery contained pictures and videos of minors as well as the equivalent of thousands of pages of documents that contained personal identifying information of hundreds of minors, and allowing Eastman to have unsupervised access to this data in prison posed a substantial risk that the information could end up in the wrong hands. (ECF No. 161.) Nonetheless, in an effort to accommodate Mr. Eastman's request while balancing the need to protect the personal identifying information of minors, the Government created a disk of redacted discovery materials, which Mr. Eastman's counsel sent to Eastman in prison. (*Id.* at 1, 4.) The Government argued that Mr. Eastman could review any remaining discovery items—items that were impracticable or impossible to redact—in the presence of his counsel. (*Id.* at 7-9). Mr. Eastman was not satisfied with this resolution and pressed with his request that all discovery materials be sent to him in prison. (*Id.* at 4.)

Following the Court of Appeals' decision, this Court denied Mr. Eastman's motion for disclosure of discovery. (ECF No. 163.) The Court noted that there is no right to post-conviction discovery, and although discovery may be available after a defendant files a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, Mr. Eastman had not filed such a motion. (*Id.*)

On May 24, 2019, the Court received a letter from Mr. Eastman, which was docketed as another motion for disclosure of discovery. (ECF No. 164). In that letter, Mr. Eastman requests that copies of certain documents be sent to him in prison. For the reasons explained below, Mr. Eastman's request should be denied as moot.

## II. DISCUSSION

As a preliminary matter, the Government does not believe it is obligated to provide Mr. Eastman with any discovery at this time. He has been convicted, and the judgment was affirmed on appeal. As the Court noted in its previous ruling on April 23, 2019, "there is no right to post-conviction discovery under the Federal Rules of Criminal Procedure. Although discovery may be available after a defendant files a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, Mr. Eastman has not filed such a motion." ECF No. 163; *see* Gov't. Mem. in Opp. to Mot., ECF No 161, at 5-6 (collecting cases).

Nonetheless, in the spirit of cooperation and because the Government has no objection to Mr. Eastman receiving the specific documents he requests in his letter, the Government made arrangements for the documents to be mailed to him in prison earlier this week.

In his letter, Mr. Eastman requests two items. First, he requests a copy, in paper form, of all the Skype conversations with the person he was convicted for enticing, including messages sent and received on November 11, 2012, which forms the basis of his conviction. *See* ECF No. 164. The Government presumes he means the messages from November 6, 2012, as that is the date of the conversation contained in the stipulation of facts in the plea agreement and in the pre-sentence report. *See* ECF No. 101 at 10 (plea agreement); ECF No. 138 ¶¶ 23-24 (revised pre-sentence report. There are no conversations on November 11, 2012. The Government had previously included a copy of the messages (with the victim's last name and full date of birth redacted) on the

disk of redacted material that was previously sent to Mr. Eastman in prison. Because they were previously provided to him in prison on a disk, the Government does not object to Mr. Eastman receiving them in paper form (with the victim's last name and full date of birth redacted).

Second, Mr. Eastman requests copies of the diagram and photos of his apartment that were submitted as defense exhibits during the suppression hearing. *See* ECF No. 164. The Government believes Mr. Eastman is referring to Defense Exhibits 10 through 21 from the suppression hearing. *See* ECF No. 53 at 2 (defendant's marked exhibit list from suppression hearing). The Government does not consider these exhibits as discovery materials as they are documents that the defense obtained on its own and submitted to the Court for the suppression hearing. These items were not obtained by the Government in the course of its investigation. They also do not contain personal identifying information. As such, the Government does not object to Mr. Eastman having them in prison.

Earlier this week the Government spoke with Mr. Eastman's prior court-appointed counsel, Attorney David Moraghan, about Mr. Eastman's requests. As the Court is aware, following Mr. Eastman's sentencing, the Court appointed Attorney Moraghan to represent Mr. Eastman "for purposes of an appeal." ECF No. 139. Now that Mr. Eastman's appeal has been adjudicated, Attorney Moraghan indicated that he no longer represents Mr. Eastman.

Nonetheless, out of an abundance of caution in order to avoid contacting a represented party in the event that the Court has a different view, the Government asked Attorney Moraghan if it could forward the materials to Attorney Moraghan to send to Mr. Eastman in prison. Attorney Moraghan indicated that as a courtesy to the Government, he would do so.

On June 5, 2019, the Government sent an email to Attorney Moraghan attaching copies of the materials that Mr. Eastman requested in his letter to the Court. That same day, Attorney

4

Moraghan's office sent an email to the Government indicating that his office had mailed the materials to Mr. Eastman.

Accordingly, because the items that Mr. Eastman seeks were mailed to him earlier this week, the Government respectfully asks the Court to deny Mr. Eastman's requests as moot.

### III. CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's pending motion for disclosure of discovery as moot.[1]

                Respectfully submitted,

                JOHN H. DURHAM
                UNITED STATES ATTORNEY

                */s/ Neeraj N. Patel*

                NEERAJ N. PATEL
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar No. phv04499
                157 Church Street, 25th Floor
                New Haven, CT  06510
                Tel.:    (203) 821-3700
                Email: neeraj.patel@usdoj.gov

---

[1] In arranging for the materials to be sent to Mr. Eastman in prison, the Government does not concede that is it obligated to provide any discovery to Mr. Eastman at this time, and the Government reserves its right to object to any future requests by Mr. Eastman for copies of documents.

CERTIFICATE OF SERVICE

      I hereby certify that on June 7, 2019, a copy of the foregoing Government's Response to Motion for Disclosure of Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. In addition, I caused a copy of this filing to be sent by first class U.S. Mail to the following person(s) at the address(es) listed below:

Inmate John Eastman
Register Number: 22818-014
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963

                                      */s/ Neeraj N. Patel*
                                      Neeraj N. Patel
                                      Assistant United States Attorney